## Greenlee *v.* West, Appellant.

*Contracts—Breach—Measure of damages—Evidence.*

In an action for breach of a contract containing an option to repurchase certain promissory notes at a specified figure, only nominal damages can be recovered, in the absence of any proof of the actual value of the notes at the time of the breach of contract. Mere proof of the breach of a legal obligation will not warrant a recovery in more than nominal damages. To recover more there must be affirmative evidence that actual damages resulted from such breach, and a measure furnished by which their amount may be fairly ascertained.

*Contracts—Breach—Tender—Equitable estoppel.*

Where one party to a contract makes it impossible for the other to comply with its terms, and make tender at the designated time, he is estopped from taking advantage of such failure resulting from conditions created by his own conduct.

Submitted Dec. 12, 1918. Appeal, No. 297, Oct. T., 1918, by defendant, from judgment of C. P. No. 3, Philadelphia Co., September T., 1917, No. 1920, on verdict for plaintiff in case of Samuel A. Greenlee v. Howard West. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit on option to repurchase negotiable paper. Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $500 and judgment thereon. Defendant appealed.

468, (1919).] Assignment of Errors—Opinion of the Court.

*Errors assigned* were various rulings on evidence, the charge of the court and refusal to grant a new trial.

*John G. Kaufman,* for appellant.—The plaintiff did not exercise his option by making tender: Kellow v. Jory, 141 Pa. 144; Wagenblast v. McKean, 2 Grant 395; Seibert v. Kline, 1 Pa. 38; George v. Sunday, 1 Woodw. 364; Summerson v. Hicks, 134 Pa. 566; Barr v. Myers, 3 W. & S. 295; Allshouse v. Ramsey, 6 Whart. 331.

The measure of damages was the actual loss sustained: North v. Phillips, 89 Pa. 250; R. R. v. English, 86 Pa. 247; Irvine v. Bank, 2 W. & S. 190; Shenk v. Mingle, 13 S. & R. 29; Smith v. Loag, 132 Pa. 301; Bradley v. McHale, 19 Pa. Superior Ct. 300; Fessler v. Love, 48 Pa. 407.

*Murdoch Kendrick,* for appellee.

Opinion by Head, J., April 21, 1919:

The plaintiff received the sum of three hundred dollars in cash from the defendant. At that time the plaintiff was the owner of and had in his possession three certain notes made by "Rumsey Borell Drug Co." These notes were endorsed by the payee and delivered to the defendant along with an instrument in writing called a bill of sale. This paper concluded with the following declaration, namely: "I certify that I am the owner in fee of said notes and that this is an absolute bill of sale and conveyance of my title to the same. Samuel A. Greenlee." Each of the said notes was in the sum of three hundred dollars. At the same time and as part of the same transaction the defendant executed and delivered to the plaintiff a certain writing in which, after reciting that he was the owner of the said three notes, he declared that he did thereby "give to the said Greenlee the privilege of purchasing said notes within ten days from the date hereof, July 13, 1917, for the sum of three hundred and fifty dollars; if this option is not exercised

within ten days it is to be extended for a period of twenty days, the option price to be increased to four hundred dollars. If the option is not exercised within the further period of twenty days, which period will be August 13th, W A N 1917, this option will cease and determine. W. H. West." The controversy arises because of the dispute between the parties as to what was done under this option.

The plaintiff brought an action of assumpsit to recover damages for an alleged breach by the defendant of his contract to redeliver the notes and laid his damages at the sum of five hundred dollars, the difference between the sum he had agreed to pay for the repurchase of the notes and the face value thereof. The cause came on for trial and the jury returned a verdict in favor of the plaintiff for the sum of five hundred dollars. The defendant appeals and urges, among other grounds for reversal, that plaintiff had made no tender of the money which he was obliged to pay before he could lawfully demand a resale or redelivery of the notes. Further, that even if such tender had been made and refused, the plaintiff failed to maintain his tender by paying the money into court. He finally and earnestly contends that plaintiff entirely failed to prove the cash value of the notes or that, under the evidence, he suffered more than nominal damages even if there were a wrongful refusal to surrender the note.

1 and 2.—The testimony as to what transpired on the 13th of August is wholly conflicting. The plaintiff declares that for some time previous to the date mentioned he had been unable to get into communication with the defendant, being repeatedly advised the latter was out of the city. He states that at two different times on the said 13th of August, during ordinary business hours, he went to the defendant's office prepared to pay the money and receive the notes. He failed in his effort to see the defendant and was advised by those in charge of his office that he had not yet returned to the city. The de-

fendant, on the other hand, contends that he was in the city all of that day, was actually in his office the most of the day, and offers the testimony of those in charge of said office tending to prove the plaintiff had not called during the day. There was thus raised a question of fact which we think was fairly submitted to the jury and their finding establishes the truth of the plaintiff's version of the occurrences of that day.

We therefore have a situation where it has been determined the plaintiff was ready and willing and able to perform the obligation resting on him under the written contract we have quoted. Under these circumstances the defendant, by absenting himself from the city, or by refusing access to his person on the part of the plaintiff, made it impossible for the latter to satisfy the covenant of his contract to either pay or tender the amount named. It is to be remembered also the obligation of the plaintiff to either pay or tender was not an absolute and unconditional one. The payment called for was the purchase-price of the three notes which were to be re-delivered by the defendant. In a word, the covenants of the contract were mutual and dependent. The law does not require the performance of things impossible to be done, and especially is that true where the impossibility is created by the act of the party for whose benefit performance was to be made. By the application of the doctrine of equitable estoppel we are furnished with the key to the solution of the question before us. Why should the defendant be permitted to take any advantage of the failure of the plaintiff to pay or tender payment of a certain sum of money on a given day when he himself, for his own purposes, chose to make it impossible for the other party to act? We are of opinion the plaintiff could maintain an action at law to enforce his rights notwithstanding the fact he had made no actual tender nor afterwards paid the money into court to maintain a tender which had been, for all practical purposes, waived by the defendant. The plaintiff, having

satisfied the jury he was ready and willing and able to pay and made every reasonable effort to do so, there was no error in proceeding with the trial of the cause just as if no question of tender had been involved.

3.—We are of opinion the plaintiff's case, as presented to the court below, was barren of any evidence tending to prove that the damages sustained by him following the breach of contract by the defendant amounted to the sum of five hundred dollars. We cannot accept the suggestion by the learned counsel for the appellee that because the face value of the notes was nine hundred dollars a presumption of fact arose they were actually worth that sum; and that such presumption would continue until overthrown by affirmative evidence to the contrary. We know nothing from the record as to the solvency of the maker of said notes or its willingness and ability to pay the same. We do know they were practically pledged as collateral to secure the repayment of the sum of four hundred dollars. We do know from the verdict the plaintiff was ready and willing to pay the sum of four hundred dollars to repurchase them. The verdict also establishes the defendant thought it worth while to bring about a failure on the part of the plaintiff to comply with the letter of his obligation. Whether the notes were in fact worth their face value was a question to be disposed of from the consideration of relevant evidence on the subject. Without such evidence the amount of the verdict could be but little more than conjecture. Mere proof of the breach of a legal obligation will not warrant a recovery in more than nominal damages. To recover more there must be affirmative evidence that actual damages resulted from such breach and a measure furnished by which their amount may be fairly ascertained. The learned trial judge seems to have been in considerable doubt on this subject as is evidenced by the colloquy between court and counsel at the conclusion of the charge. Nevertheless the jury were instructed in the following language: "If you

believe that Greenlee presented himself at Mr. West's place of business on the morning of August the 13th, with the money prepared to repurchase the notes as set forth in the agreement, your verdict should be for the plaintiff in the sum of five hundred dollars." We are of opinion this instruction was erroneous and, as a consequence, the case must go back to be retried in accordance with the facts we have herein expressed. As we have stated, it will be a question for the jury, under proper instructions, to find from the evidence that may be adduced, what damages, if any, the plaintiff actually sustained by reason of any breach of contract of which the defendant, under the evidence, may be found guilty.

Judgment reversed and a venire facias de novo awarded.