## Gier v. Corn Exchange National Bank and Trust Company

*W. E. Schembs* and *Frank J. Strassner, Jr.*, for plaintiff.

*Francis Hopkinson*, for defendant.

LEVINTHAL, J., March 7, 1950.—Plaintiff in this case was a depositor in defendant bank. He is seeking in this action to recover the sum of $800 claimed to have been improperly paid out by the bank on a check drawn by him to the order of one Frank J. Collins, and not endorsed by payee.

Plaintiff and Collins had entered into a contract whereby the latter had agreed to build a house for the former. About two weeks later, Frank J. Collins Co., a Pennsylvania corporation, was organized, with Collins as its president and the controlling stockholder. Collins assigned his contract with plaintiff to this corporation. Some 10 months later, on August 7, 1948, plaintiff gave Collins a check for $800 drawn on defendant bank, payable to the order of "Frank J. Collins", as an advance on the building contract. Collins personally indorsed the check "Frank J. Collins Co." and deposited it in the corporation's account in another bank. A few weeks later both Collins, individually, and the Frank J. Collins Co., as a corporation, filed voluntary petitions in bankruptcy. A month later plaintiff, having discovered that the check had not been properly indorsed, made demand upon defendant bank for the payment to him of the sum of $800.

It is clear that there was in this case a breach of the bank's contract to pay its depositor's check only in accordance with its tenor. "The contract between a bank and its customer is to pay the customer's checks or bills to the person or persons designated by the customer, and to none other, and if a check or bill is payable to order, the banker has only authority to pay it to the payee or to another person who becomes the holder by genuine or duly authenticated indorsement. . . . There is an implied agreement by the bank with its depositor that it will not disburse the money standing to his credit except on his order. . . . When a bank pays a check made payable to order and the indorsement is forged or unauthorized, it is the same as if payment had not been made and the amount due the depositor is not thereby affected": Califf v. First National Bank, 37 Pa. Superior Ct. 412, 416.

Relying upon the cited case and the many others similar to it, plaintiff contends that since defendant bank paid the check without the payee's indorsement, it had no right to charge the amount thereof against plaintiff's account. Defendant, on the other hand, argues that the check was actually paid in accordance with plaintiff's instructions, since a payment to Frank J. Collins' assignee was in effect a payment to his order; that Collins, the named payee, had the benefit of the proceeds of the check; and that plaintiff suffered no damages as a result of the technical irregularity in the indorsement of the check. It is also contended by defendant that whatever loss plaintiff suffered arose out of the fact that he made an imprudent, unsecured advance to Collins who subsequently went bankrupt. This identical loss would have resulted even if the check had been indorsed by Collins for himself individually, before he indorsed it for the company of which he was the controlling stockholder.

Reason and logic impel the conclusion that if the person designated as payee in the check actually does receive the benefit of its proceeds, the drawee bank should not be held liable to the drawer of the check who has suffered no loss, even though the check was paid without the payee's indorsement. It is, of course, true that the bank makes the payment in such a case at its peril; and if the payee should afterwards challenge the payment to the holder and should show that the money was not paid for his benefit, and therefore not to his order, the bank should be required to make good the loss sustained by reason of the breach of its contract. But the drawee bank should not be held liable for money paid out on a check, merely because it was improperly indorsed, if the money actually reached the destination intended by the payee.

In this case defendant bank technically breached its implied contract to pay its depositor's check only according to its tenor, but plaintiff has not shown that he sustained any loss whatsoever by reason of such breach of contract. Where, as here, a right of action for breach of contract exists, but no harm has been caused to plaintiff by reason thereof, only nominal damages are recoverable: A. L. I. Restatement of the Law of Contracts, §328. As stated in Greenlee v. West, 71 Pa. Superior Ct. 468 (1919): "Mere proof of the breach of a legal obligation will not warrant a recovery in more than nominal damages. To recover more there must be affirmative evidence that actual damages resulted from such breach. . . ."

Nominal damages, in recognition of a technical injury sustained by plaintiff and by way of declaring plaintiff's right of action, should be awarded, but no more. The law presumes damages from the violation of a legal obligation, but the amount of damages so presumed is only nominal.

In this case, we find for plaintiff in the sum of six cents.