[No. 5784. Decided January 3, 1906.]

EMMA L. BROWN *et al., Respondents,* v. THE CITY OF BLAINE, *Appellant.*[1]

TRIAL—SETTING CAUSE FOR TRIAL—DISCRETION—REQUEST FOR CONTINUANCE. The action of the trial court in setting a cause for trial on a certain day will not be reviewed in the absence of an abuse of discretion, or any application for a continuance.

APPEAL—REVIEW—HARMLESS ERROR—DAMAGES—SPECIAL VERDICT. In an action for damages for personal injuries, error in admitting immaterial evidence as to an item of damage is harmless where a special verdict was rendered and the damages for such item were eliminated and deducted from the judgment.

SAME—PHYSICIANS SERVICES—EVIDENCE OF VALUE BY AMOUNT PAID—ADMISSIBILITY. In an action for damages for personal injuries, the evidence of the amount paid to a physician for medical attendance is some evidence of the reasonable value of the services, and its admission is therefore not ground for a reversal.

SAME—HEALTH PRIOR TO INJURY—EVIDENCE—ADMISSIBILITY. In an action for damages for personal injuries, evidence of the physical condition of the plaintiff prior to the accident is admissible.

[1]Reported in 83 Pac. 310.

APPEAL — REVIEW — EVIDENCE OF MATTERS ADMITTED — HARMLESS ERROR. In an action for personal injuries sustained in a fall upon a defective sidewalk, it is not prejudicial error to allow a witness to testify to the boards being loose, although the same was immaterial.

DAMAGES—PERMANENT INJURIES—EVIDENCE—MORTUARY TABLES— ADMISSIBILITY. In an action for damages for personal injuries, where there was evidence that the injury was permanent, mortuary tables showing the plaintiff's expectancy of life are admissible.

MUNICIPAL CORPORATIONS — NEGLIGENCE — STREETS—CONDITION OF WALK PRIOR TO INJURY—ADMISSIBILITY—COMPLAINT—SUFFICIENCY. In an action for personal injuries sustained through a defect in a sidewalk, the allegation in the complaint that the city carelessly neglected to nail down the planks knowing of the unsafe condition of the walk, is sufficient to authorize evidence of constructive notice on the part of the city by the existence of defects prior to the time of the accident.

Appeal from a judgment of the superior court for Whatcom county, Neterer, J., entered April 7, 1905, upon the verdict of a jury rendered in favor of the plaintiffs, after a trial on the merits, in an action for personal injuries sustained through a defective sidewalk. Affirmed.

*George D. Montfort* and *Whitcomb & Mathis,* for appellant.

*Frank W. Bixby* and *Fairchild & Bruce,* for respondents.

DUNBAR, J.—Action for damages for injuries sustained by the respondent Emma L. Brown, by falling on a sidewalk in the city of Blaine, by reason of the alleged negligence of said city in allowing said sidewalk to become and remain out of repair. Judgment was rendered for $1,750, which was afterwards reduced to $1,540, from which judgment this appeal is taken.

The answer of the appellant was a general denial, with an affirmative allegation that the defendant is informed and believes that, on or about the 15th day of July, 1904, the Sunset Telephone and Telegraph Company, a corporation, owning and operating a system of telephone poles, wires, etc., in the city of Blaine, wilfully, negligently, and carelessly

loosened the aforesaid planks; that said telephone company replaced and left said planks in their proper places, but wilfully, negligently, and carelessly failed and neglected to nail or fasten said planks; that the fact that said planks were loose or that they had been disturbed by said telephone company was not apparent, and could not be determined by looking at said sidewalk; that, as far as the eye of an observer could tell or detect, the said planks were firmly nailed and secured in their places.

The reply to the affirmative matter was to the effect that the Sunset Telephone and Telegraph Company, referred to in said answer, was under a contract with the city of Blaine by which the said Sunset Telephone and Telegraph Company is authorized and permitted to erect telephone poles in the city of Baline, and that it is authorized and empowered to take up and remove planks from the sidewalks, etc. This is only important as going to the admission of the city that the planks had been negligently and carelessly loosened and left in that condition, which fact eliminates some of the controversies in relation to the testimony in this case, and leaves the question of negligence simply as to the proposition of notice on the part of the city.

The first contention, that the court erred in setting the case for trial on the day on which it was tried, seems to us to be without merit. Such proceedings in the course of a trial are so largely within the discretion of the court that, unless such discretion is manifestly abused, this court will not interpose an interference, and there seems to be no evidence of such abuse in this case. In addition to that, there was no application for a continuance on the part of the appellant.

The following question was asked witness W. H. Brown, the husband of the respondent Emma L. Brown: "Mr. Brown, in moving about—you stated you were married in Minnesota—do you know what it would cost you to get a woman

to do your housework for you, if you were endeavoring to keep house?" This was objected to as irrelevant and immaterial, and the question was answered over the objection. It was contended that the witness did not show qualification to answer, nor was it shown that he intended to keep house, or had been doing so. Whatever may be said as to the merits of this objection, it seems to us to be immaterial, by reason of the fact that the jury found, by special findings, three items of damage—for permanent injury, $1,000; for physical pain, humiliation, and disfigurement, $420; on account of money expended for physician's services and nurse hire, $330. Before judgment was entered, the court made the following announcement:

"Now at this time the court renders oral decision on motion for a new trial and announces that the special findings include one item of damages amounting to $210, for which there is no testimony to support, and under the statute and decisions of the supreme court this amount should be remitted or a new trial granted, and it was ordered that plaintiff be given ten days in which to remit said amount, and on failure so to do, a new trial would be granted."

The plaintiff elected to remit the $210, in conformity with the court's order, and judgment was entered for the amount found by the jury, less that amount. The record does not show what item it was that was found by the jury, and there is no item in the special findings for $210. It could not have been the item for permanent injury or for physical pain and humiliation, because those things were not itemized. The only allegation in the complaint which was subject to itemizing was the charge of $330 on account of money expended. So that the court must have deducted the item of $210 from the claim of $330, which would only leave $120 under that claim, which was incorporated in the judgment; and as there was testimony in relation to the amount paid for doctor's services and for nurse hire to amount to that much, we must conclude that the amount deducted was for

things which were not legally proven. In any event, under the order of the court in relation to the deduction of $210, it affirmatively appears that the error, if any was committed, was not prejudicial.

It is objected also that the court erred in allowing the witness Brown to testify that he had paid a certain amount to the attending physician, the contention being that the amount paid was immaterial; that he should have shown that the payment represented the reasonable value of the services. It seems to us that the amount paid would, in any event, be some evidence of the reasonable value of the services rendered, and that, if it was not sufficient evidence, that was a matter which should have been presented to the consideration of the jury.

The fourth assignment of error, in relation to the amount paid for board, is disposed of by what we have said in relation to the second. Appellant also assigns as error the admission in evidence of the testimony of witness Williams as to the general condition of Mrs. Brown's health and her physical appearance prior to the time of the injury. We think there was no error committed in admitting this testimony. It would have been proper for the defense to have shown in mitigation of damages that, prior to the injury, the woman was in poor health and unable to make a living.

It is also insisted that the court erred in allowing a Dr. Reeves to testify, on direct examination, in relation to the boards being loosened from the nails or fastenings. The question was, "What, if anything, do you know about the boards being loosened from the nails or fastenings?" We think that this exception is without merit, although the testimony was not material under the admissions of the defendant in relation to the boards being loose and without nails or fastenings.

Neither did the court err in permitting the respondents to show by the Carlyle mortuary tables the respondent Emma L. Brown's expectancy of life. The objection is based on the fact that there was no testimony of permanent injury, but

there was sufficient evidence of permanent injury to go to the jury and the jury found that the respondent was permanently injured and the tables were admissible to show the probable duration of the impairment of respondent's health and her inability to earn a livelihood, if the theory of the respondents were to be accepted by the jury.

The eighth, tenth and eleventh assignments are to the effect that the court erred in allowing certain witnesses on behalf of respondents to testify in regard to the condition of the sidewalk at and about the place where respondent Emma L. Brown claims she was injured, at a time previous to the injury; all this evidence was objected to on the theory that notice was not pleaded by respondents in their complaint. The allegation is that, on or about the 31st day of July, 1904, the planks in said sidewalk were loose and unsafe, and the stringers were decayed, so that travel on said sidewalk was dangerous and unsafe, and the said city knew the dangerous and unsafe condition of said sidewalk, and carelessly and negligently neglected to nail down said planks and make said sidewalk safe for the travel of its citizens. The contention of the appellant is that there was no allegation that the sidewalk had been out of repair prior to the 1st day of July, 1904, and there being no proof of communication made to the city of its need of repair, that constructive notice could not be shown under this allegation. But we think that this would be a narrow construction to place upon the allegation, because the language that the city carelessly and negligently neglected to nail the said planks down, knowing of the said unsafe condition of the sidewalk, must be interpreted to mean a knowledge for some appreciable time.

The instructions in this case so completely and carefully state the law, presenting with such exact justness the theory and rights of plaintiffs and defendant in the action, that no objection can be found to them, or the refusal to give other instructions, the instructions given covering all the issues of the case.

We are unable to find error in any respect, and the judgment is therefore affirmed.

Mount, C. J., Crow, Hadley, Rudkin, Root, and Fullerton, JJ., concur.