# Beck *v.* Baltimore & Ohio Railroad Company, Appellant.

*Negligence—Damages—Evidence—Inadequacy of charge.*

1. In a negligence case against a railroad company where the plaintiff offers some evidence as to injuries to her leg, but produces no evidence whatever as to expenses which had been incurred by reason of the injury, or were yet to be incurred, and no evidence upon which to base an allowance for loss of earning power, it is reversible error for the trial judge to instruct the jury that they were warranted in taking

these elements into consideration in making up the verdict without any further directions.

2. In a negligence case damages are never presumed; they must be proven, or at least such facts must be established as will furnish a basis for their assessment according to some definite and legal rule. It is the duty of the trial judge to instruct the jury as to the proper measure of damages, and what the law requires in their ascertainment.

Argued Oct. 4, 1911. Appeal, No. 109, Oct. T., 1911, by defendant, from judgment of C. P. Westmoreland Co., May T., 1910, No. 681, on verdict for plaintiff in case of Mary Beck v. Baltimore & Ohio Railroad Company. Before Fell, C. J., Brown, Mestrezat, Potter, Elkin, Stewart and Moschzisker, JJ.  Reversed.

Trespass to recover damages for personal injuries. Before Doty, P. J.

The court charged in part as follows:

In regard to this matter of damages, about all that we can say that will be helpful is to state what the law is in relation to it, and that is if injured by the negligence of defendant company the plaintiff would be entitled to compensation. The purpose of the action is not to punish the defendant. It is not alleged that the injury was willful; it is simply alleged that there was negligence; and the rule is that the plaintiff is entitled only to a fair compensation for the injuries received. If we are to carry out that rule and give the plaintiff fair compensation she ought to be entitled to any expenses that naturally followed the injury that she received. The only trouble in the case in regard to that item is that there is no evidence of any expense to which she was subjected; she had attention in the hospital but no bills are presented and no payments made so far as the evidence goes on account of such matter. There is evidence that liniment, perhaps other medicines, were used, but there is nothing given to the jury to show what was the fair cost. One doctor, who has been examined as a witness, attended her on one or two occasions and per-

haps longer, and if he presented a bill the jury is not informed by any testimony as to what the amount of his claim is. Of course these matters should not be simply dumped into the jury box; you have no right to guess that she was under any expense; if the plaintiff does not take the trouble to explain by testimony what such expense was, you have nothing to base any estimate of what would be compensation for expenses. If we are to carry out the rule and give the plaintiff a fair compensation for the injuries she received, she ought to have some allowance for any loss of earning power. Whether this injury be temporary or whether it be permanent she was confined to the hospital, as we have said, two months; she alleges that she is permanently injured; some household duties she can perform now as she formerly performed them, and we have already referred to this branch of the case in suggesting to you that you find the extent of the injuries the plaintiff received. Whatever the loss of earning power is she ought to have some allowance for, if we are to apply the rule already referred to. Whether this be temporary or whether it be permanent, you will likely be embarrassed here too because there is no evidence of what her earning power was or is now. It appears she was keeping house for one of her sons; she employed some help, or about the house other help was resorted to; but there is no testimony on account of any of these matters, and how the jury is going to gauge this particular matter without any evidence we are at a loss to see or direct you about. So far as expenses and earnings are concerned the case seems to be absent of any testimony that would safely guide and ought to control your judgment in the matter. Plaintiff would also be entitled to an allowance looking toward recompense for pain and suffering. She has testified to the pain she suffered and that she still suffers; inconvenience and pain as the result of these injuries. This is a matter, however, that ought not to inflame your imaginations. We have no way to value pain like you do a commodity in the market; there is no way to measure it, but

the law does allow some allowance looking toward recompense on account of the suffering consequent upon the injury.  With these suggestions we submit the matter to you to determine.

Verdict and judgment for plaintiff for $1,654.16.  Defendant appealed.

*Errors assigned* were (2) portion of charge as above and (3) in not instructing the jury that there was no evidence whatever to justify them in allowing any recovery for expenditures in any form, or for loss of earnings.

*Edward E. Robbins*, with him *A. M. Wyant*, for appellant.—The charge was erroneous on the subject of damages: McHugh v. Schlosser, 159 Pa. 480; O'Reilly v. St. Ry. Co., 17 Pa. Superior Ct. 626; Goodhart v. Penna. R. R. Co., 177 Pa. 1; McLane v. Rys. Co., 230 Pa. 29; Wilkinson v. North East Boro., 215 Pa. 486.

*Curtis H. Gregg*, with him *Sidney J. Potts*, for appellee.

Opinion by Mr. Justice Elkin, January 2, 1912:

This is an action to recover damages for injuries alleged to have been sustained by plaintiff in alighting from a train on which she was a passenger.  The negligence charged is that the defendant company in the operation of the train on which the plaintiff was a passenger at the time of the accident did not give sufficient time to alight in safety, but started the train with a sudden jerk while plaintiff was standing on the step of the platform, and before she had reached a place of safety.  It was also charged that the plaintiff was violently thrown to the ground, causing permanent injuries and great bodily pain and suffering.  As a result of the injuries thus sustained it is averred that the injured person was compelled to lay out and expend large sums of money for medicine and medical attendance, and that her earning power had been lessened because prevented from attending to her house-

hold duties and other regular and lawful business. The statement of claim sets out a good cause of action, but the difficulty is that the evidence offered to sustain the averments is very meager and unsatisfactory. The case seems to have been tried on the theory that the averments contained in the declaration made out a prima facie case of negligence and of damages resulting therefrom, and that the introduction of testimony to sustain the allegations was of secondary importance. The presumption of negligence or of damages did not arise under the facts of this case. The burden of proving the negligence complained of, the injuries alleged to have resulted therefrom, and the damages sustained thereby, was upon the plaintiff. While the evidence of negligence is not of a definite and satisfactory character, we have concluded that upon the whole record this question was for the jury. Then, again, the nature of the injuries sustained is not definitely or accurately stated by any witness called to testify. Just what the injuries were is largely a matter of conjecture. The plaintiff herself did not give any intelligent description of her injuries, and the physician who attended her at the hospital was not called as a witness. These important matters were overlooked in the trial of the case. However, there was sufficient evidence of negligence to submit to the jury, and there was also some testimony tending to show an injured and swollen leg resulting from the accident. Under these circumstances we have concluded that there is sufficient in the record to warrant the granting of a new trial at which time all of the facts should be more fully developed and presented.

The assignments of error relating to the inadequacy of the charge upon the question of damages we feel constrained to sustain. The burden of proving damages was upon the plaintiff, and this burden to say the least was very indifferently borne. Although it was alleged that the plaintiff had been compelled to expend large sums of money for medicine and medical attendance, not a word of testimony was offered to support this allegation. No

earning power either before or after the injury was shown. No testimony was offered to show the value of services before or after the accident. There was testimony showing that a physician had attended the plaintiff after her return from the hospital, but the record is silent as to what his services were worth, or whether anything had been paid him on account of these services. A witness stated that some liniment had been used in rubbing the limb, but there is no suggestion as to the amount or the cost. We might go on almost indefinitely pointing out how bare the record is of facts upon which a jury could base an intelligent finding as to the expenses incurred, or to be incurred, or what compensation if any plaintiff was entitled to recover. The learned trial judge appreciated the difficulties of the case and frequently adverted to the meager character of the evidence in his charge to the jury, but committed the error of not instructing them that there was no evidence to warrant as an element of damages expenses already incurred, or yet to be incurred, or anything upon which to base an allowance for loss of earning power. The rule as to the eléments of damages that may be recovered in cases of this character is very well stated in Goodhart v. Railroad Co., 177 Pa. 1. It is important, however, in the trial of such cases to prove the facts upon which these various elements of damages are based. This burden is always upon the complaining party. Damages are never presumed; they must be proven, or at least such facts must be established as will furnish a basis for their assessment according to some definite and legal rule. It is the duty of the trial judge to instruct the jury as to the proper measure of damages and what the law requires in their ascertainment: Wilkinson v. North East Boro., 215 Pa. 486; McLane v. Pittsburg Railways Co., 230 Pa. 29. Viewed in the light of the testimony, the instructions of the learned trial judge upon the question of damages did not meet the requirements of the rule.

The second and third assignments of error are sustained.

Judgment reversed and a venire facias de novo awarded.