[No. 15922.   Department One.   September 15, 1920.]

GREAT WESTERN MOTORS, INCORPORATED, *Appellant*, v. GEORGE J. HIBBARD, *Respondent*.[1]

EVIDENCE (60)—SIMILAR TRANSACTIONS—FRAUD—GENERAL SCHEME. Upon an issue as to fraud in the sale of an automobile to defendant by plaintiff by misrepresenting the year of the car, evidence that plaintiff had sold the same car to witness by making similar false representations is inadmissible to prove plaintiff's fraudulent intent; inasmuch as proof of fraudulent intent was not material or essential to hold plaintiff liable for positive misrepresentations of matters of fact.

SAME (211)—OPINION EVIDENCE—COMPETENCY OF EXPERTS—VALUE. A witness who had been in the business of selling and buying automobiles for twenty-two years, and was familiar with Paige cars of 1917 and 1918, is competent to testify as an expert as to their value.

DAMAGES (114)—ASSESSMENT—EVIDENCE—EXPENSES INCURRED— REASONABLE VALUE. Error cannot be predicated upon the allowance of $200 for repairs to an automobile because the only paid bill in evidence was for but $12.15, where the respondent testified without objection to other payments made by him, and there was no specific objection that the reasonable value of the repairs was not shown.

Appeal from a judgment of the superior court for King county, Jurey, J., entered February 28, 1919, upon the verdict of a jury rendered in favor of the defendant, in an action in replevin.   Reversed.

*Dan Earle,* for appellant.

*Flick & Paul,* for respondent.

MITCHELL, J.—On July 29, 1918, the plaintiff sold a Paige automobile to the defendant under a conditional bill of sale contract.   After making several payments, the defendant refused to make other payments, whereupon the plaintiff commenced this action in replevin and took the automobile into its possession.   The material allegations of the complaint were denied by an-

[1]Reported in 192 Pac. 958.

swer, and by way of further defense and cross-complaint, the defendant alleged he bought the car upon the representations of the plaintiff that it was new, a 1918 model, and in excellent mechanical condition; that the representations were made to induce him to purchase; that the representations were false and fraudulent in that it was a 1917 model, that it was a second-hand car, and that its mechanical condition was poor, requiring the expenditure of approximately $220 to put it in proper order. The cross-complaint further alleged the taking of the car by plaintiff at the commencement of the suit, and that payments already made, together with the cost of repairs, amounted to $1,493, in which sum judgment against the plaintiff was demanded. The reply denied the allegations of the cross-complaint and further alleged the conditional bill of sale contract, failure to pay, forfeiture, and retaking the automobile by a writ of replevin at the commencement of the action. The trial resulted in a verdict and judgment in favor of the defendant in the sum of $1,493. A motion for a new trial having been denied, the plaintiff has appealed.

First, it is claimed the court erroneously admitted certain evidence given by one Daverso on behalf of the respondent. He testified that he purchased this same automobile from the appellant prior to the date of the sale to respondent. He was then asked what the appellant told him as to the model of the car and whether or not it was new. An objection that it was irrelevant and immaterial and introduced a new issue was overruled by the court. The witness answered he was told it was a new 1918 car. It appears that this evidence was admitted for the purpose of showing fraud and deceit; that is, the intent with which respondent claimed similar representations were made to him.

This was respondent's theory through the whole case; and in support of that theory and of the evidence referred to, relying upon *Stack v. Nolte,* 29 Wash. 188, 69 Pac. 753; *Yakima Valley Bank v. McAllister,* 37 Wash. 566, 79 Pac. 1119, 107 Am. St. 823, 1 L. R. A. (N. S.) 1075; and *Ryan v. Dowell,* 86 Wash. 76, 149 Pac. 343, it is contended for the respondent,

"First; that, where motive and intent or knowledge are vital elements in the proof in an action, other transactions showing such knowledge and intent or similar motive are permissible;" and

"Second; that, where there is a scheme to defraud, the practice of such scheme in other instances would be usable to show the possible use of the scheme in the instance at bar."

There is evidence in the case to show that a new car of the 1918 model was worth several hundred dollars more than a new car of the 1917 model, at the date of the sale to the respondent. The car that was sold was manufactured in 1917. This is not denied by the appellant, who claims the Paige car is not designated by the year of its manufacture, but by a name such as Linwood, Stratford, etc., and that it did not represent to the respondent that the car sold was a 1918 model, but, on the contrary, told him it had been on hand all the winter prior to the sale.

But what difference it could make to the respondent as to whether or not appellant knew better, or intended to deceive, it is difficult to perceive. Had the appellant, through its agent, candidly mistaken the year of the manufacture of the car and that it was unused, and nevertheless misled the respondent in those respects in consummating the sale, under circumstances entitling him to recover, the resulting damage to him would have been the same as that complained of in this suit.

The case of *Hanson v. Tomkins,* 2 Wash. 508, 27 Pac. 73, was a suit upon a promissory note. The answer admitted the execution of the note and alleged want of consideration; that plaintiff sold defendants a tract of land, and that the note was given as part of the purchase price thereof; "that plaintiff, intending to cheat the defendant and codefendant, falsely and fraudulently represented to them that said lot 2 contained 36½ acres; and that, wholly and solely relying on the said fraudulent and false representations of plaintiff, defendant and codefendant, . . . signed the said note." The trial court instructed the jury that if they did find a discrepancy of ten acres in the tract, "you must still find a verdict for the plaintiff, unless you further find by a preponderance of the evidence that the plaintiff knew at the time he made such representations that the same were false, and made them with intent thereby to deceive the defendants, if the mistake (if you find there was a mistake) was a mutual one, and innocently made by the plaintiff, he cannot be charged therefor in this action." Concerning the instructions, this court said:

"This instruction was plainly erroneous. If the defendants relied upon the representations of the plaintiff, and were led to believe by such representations that lot 2 contained 36½ acres, when in fact it only contained 26½ acres, and were induced by such representations to purchase said lot as a lot of 36½ acres, it makes no difference whether plaintiff knew such representations to be false or not, he is liable. If he knew the lot did not contain 36½ acres, and represented to defendants that it did, he would be guilty of fraud and deceit; but if he did not know it, and believed that the representations he made were true, and defendants, acting upon such representations, were damaged because it eventuated that they were not true, the liability of the plaintiff would be the same. In neither case will

he be allowed to retain the benefit flowing from his misrepresentation. Mr. Justice Story thus states the rule: 'Whether a party thus misrepresenting a material fact knew it to be false, or made the assertion without knowing whether it were true or false, is wholly immaterial; for the affirmation of what one does not know or believe to be true is equally, in morals and law, as unjustifiable as the affirmation of what is known to be positively false.' 1 Story, Eq. Jur., § 193, and note. See, also, *Page v. Bent,* 2 Metc. (Mass.) 371; *Stone v. Denny,* 4 Metc. (Mass.) 151; *Milliken v. Thorndike,* 103 Mass. 382; *Bennett v. Judson,* 21 N. Y. 238; *Litchfield v. Hutchinson,* 117 Mass. 195. In fact this view of the law is so well established that we think it not necessary to comment further upon it.''

The rule was followed in *Sears v. Stinson,* 3 Wash. 615, 29 Pac. 205; *Lawson v. Vernon,* 38 Wash. 422, 80 Pac. 559, 107 Am. St. 880, and *West v. Carter,* 54 Wash. 236, 103 Pac. 21, in which last named case it was repeated:

''And this is the just theory, for the result to the party who is deceived is exactly the same whether the intention of the party upon whose representations he relied was fraudulent or not.''

While it is true the above cases from this court related to real estate transactions, the same rule applies in cases of sales of personal property.

In keeping with the rule, and because the element of knowledge or intent to defraud is not essential in this kind of a case, this court, in *McKay v. Russell,* 3 Wash. 378, 28 Pac. 908, 28 Am. St. 44, held that, in an action to recover money paid upon a contract for the sale of real estate, on the ground that the sale was procured by fraudulent representations, it is inadmissible to show that, in a similar transaction prior thereto, the defendants had made like misrepresentations to another party. In that case, after declaring, ''the affirm-

ative rule is that collateral facts are inadmissible,''
the court adopts Mr. Greenleaf's view of what is
termed exceptions to the rule, as follows:

   " 'In some cases, however, evidence has been re-
ceived of facts which happened before or after the
principal transaction, and which had no direct or ap-
parent connection with it; and therefore their admis-
sion might seem, at first view, to constitute an excep-
tion to this rule. But those will be found to have been
cases in which the knowledge or intent of the party
was a material fact, on which the evidence, apparently
collateral and foreign to the main subject, had a direct
bearing, and was, therefore, admitted.' ''

   If in a given case, such as we find this to be, it is
unimportant to show knowledge or intent in establish-
ing a cause of action, it is manifestly dangerous, and
insidiously unfair to an adversary, to introduce evi-
dence of prior independent conduct for the purpose of
convincing a jury that the principal transaction—the
one upon which the trial is had—was prompted by an
intention to cheat and defraud.

   The kindred subject, suggested by respondent's ar-
gument and authorities, of a scheme to defraud, which
embraces *scienter,* motive and intent, is in no way in-
volved in the issues in this case; nor is there any proof
or element of conspiracy. The objection to this testi-
mony of the witness Daverso should have been sus-
tained, and we are satisfied that the admission of it was
prejudicial and constituted reversible error.

   Next, it is claimed the court erroneously admitted,
over objections, the testimony of a witness for the re-
spondent as to the values of 1917 and 1918 Paige cars.
The contention is, the witness did not qualify as an
expert. Upon examination and cross-examination as
to his qualifications, he testified that, for twenty-two
years (the last fourteen in Seattle), he had been en-

gaged in the business of buying, selling and repairing automobiles and was familiar with Paige cars of 1917 and 1918; that he had conducted his business in his own independent sales rooms; that he had bought and sold automobiles for other people; appraised and priced them and everything in that line. We are satis fied, upon such showing, there was no error in allowing him to testify on the subject of values.

It is assigned that the court erred in denying appellant's motion for a directed verdict. The record convinces us the case was one for the jury upon the three questions, viz., representations as to the year of the manufacture of the automobile, whether or not it was new or second-hand, and its mechanical condition at the time of the sale.

Lastly, it is argued there was error in the assessment of the amount of recovery. Among other items, respondent sued for $220, alleged to have been paid for necessary repairs. As the verdict and judgment were for the full amount demanded in all particulars, it necessarily included $220 for repairs. It is contended that the only bills paid, presented by respondent to substantiate his claim, amounted to $12.05. But counsel overlooks the fact that the respondent testified, without any objections, there were other payments for repairs, and that altogether they amounted to $220. If it is insisted that the reasonable value of the repairs alleged to have been necessarily made is the test, and not the amount paid therefor, the appellant is not in a position to complain. In the case of *Brown v. Blaine,* 41 Wash. 287, 83 Pac. 310, it is said:

"It seems to us that the amount paid would, in any event, be some evidence of the reasonable value of the services rendered, and that, if it was not sufficient evidence, that was a matter which should have been presented to the consideration of the jury."

In the later case of *Dahlstrom v. Northern Pac. R. Co.*, 98 Wash. 390, 167 Pac. 1078, it is stated that the specific reason that the reasonable value is the proper inquiry must be pointed out to make an objection sufficient.

For the reasons given in considering the first assignment of error, the judgment is reversed and the cause remanded with direction to grant a new trial.

HOLCOMB, C. J., PARKER, MAIN, and MACKINTOSH, JJ., concur.