## Vogler, Appellant, *v.* Harrisburg Railways Company.

*Trespass—Damages—Evidence—Sufficiency.*

In an action of trespass to recover damages to a market wagon
and contents injured in a collision with a trolley car, it is proper
to refuse to permit a recovery for the loss of the wagon, where
there is not sufficient evidence on which the jury could determine
the value thereof.

Where the claim is for pecuniary damages to property the evi-
dence must fix the actual loss with reasonable precision through
witnesses with knowledge of the facts. This burden is always upon
the complaining party. Damages are never presumed; the plaintiff
must establish by evidence such facts as would furnish a basis for
their assessment according to some definite and legal rule.

Argued March 12, 1925. Appeal, No. 28, March T.,
1925, by plaintiff, from judgment of C. P. Dauphin Co.,
June T., 1923, No. 140, in the case of Frank Vogler v.
Harrisburg Railways Company. Before PORTER, HEN-
DERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.
Affirmed.

Trespass to recover damages to a wagon and contents.
Before HARGEST, P. J.

The facts are stated in the opinion of the Superior
Court.

Verdict for plaintiff in the sum of $176.45 for the con-
tents of the wagon and $300 for repairs to the wagon.

Defendant having made a motion for judgment upon the points reserved and for such judgment as should have been entered on the evidence notwithstanding the verdict, the court set aside so much of the verdict of the jury as granted $300 damages for repairs to the wagon and entered judgment for the balance, namely $176.45. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*Michael E. Stroup,* for appellant.

*Charles L. Bailey, Jr.,* and with him *George F. Lumb,* for appellee.

OPINION BY PORTER, J., July 9, 1925:

This is an action to recover damages alleged to have resulted from the collision of a car of the defendant company with the wagon of the plaintiff, which was loaded with flowers for the market.   The defendant admitted liability and the only question in the case was the amount of damages which the plaintiff was entitled to recover. At the trial, after the evidence had all been submitted, a question arose as to whether there was any evidence from which a jury should be permitted to find the amount of the damage caused by the destruction of the wagon.   This question was raised by points submitted by the defendant, and the determination of it was reserved by the learned trial judge, who instructed the jury to find a verdict for the plaintiff and separate the items, stating the amount which they found to be the value of the flowers with which the wagon was loaded and separately, the amount which they found for damage to the wagon.   The jury, under these instructions, found a verdict in favor of the plaintiff for the full amount claimed for the loss of the flowers and in the sum of $300 for damages to the wagon.   The learned judge,

after careful consideration, was of opinion that the evidence furnished no basis for the ascertainment by the jury of the amount of damages to the wagon, and ordered judgment to be entered in favor of the plaintiff for the amount found by the jury to be the value of the flowers destroyed. The plaintiff appeals from that judgment.

The plaintiff averred in his statement "That in consequence of said collision the wagon of the plaintiff was damaged to such an extent as to be almost a total loss." The only witness which plaintiff called to testify as to the condition of the wagon immediately after the accident was his son, who was driving the team at the time. That witness, after having described the flowers, and stating the value thereof and their condition after the collision, was asked by plaintiff's counsel this question: "Q. What other loss did you sustain? What was done with the wagon? A. The wagon was practically demolished and crushed against the curb there." The witness testified that before the accident the wagon had been kept in the wagonshed but after the accident had been permitted to stand out exposed to the weather. When asked, on cross-examination, why they had not kept the wreckage of the wagon in the wagonshed, he replied "We had no room for the piece of junk after that wreck." This evidence was sufficient to sustain the averment of the statement that the wagon "was damaged to such an extent as to be almost a total loss." It appeared from the evidence of this witness that the wagon was certainly more than fourteen years old at the time of the accident. The plaintiff offered no evidence whatever as to the value of the wagon before the collision nor that "of the junk," the wreckage which resulted. The plaintiff called as a witness a wagon builder who testified that he had not seen the wreckage of the wagon until a date more than one year after the accident, that he found it exposed to the weather, which would be injuri-

ous to what remained of the structure. He was asked the question, by counsel for plaintiff: "Q. You may state whether or not you made an estimate as to the cost of repairing that wagon? A. Well, it is beyond repair." When pressed further he said "Well, to the extent that you could build a new body for it and repair the gears, it would cost as much to repair the body as to build a new body, practically speaking." "Q. What estimate did you place the cost of repairs to the wagon? A. About $300......Q. You say it would require practi, cally a new body? A. Yes, sir. Q. And you could use portions of the wagon? A. The gear part underneath but not the body. Q. The gears are all right? A. No, but we could use some of the parts......could use the axles and could use the fifth wheel and some of the parts underneath." On cross-examination he was asked the question: "Q. After you repaired the wagon in this way instead of an eighteen-year-old wagon you would have a new wagon with new top and bottom and new wheels? A. Yes, sir." The defendant called as a witness the man who had built the wagon, who testified that he had built it in 1906. This witness, shortly before the trial, and more than a year after the accident, went to see the condition of the wreckage, which he found standing exposed to the weather. After testifying as to the manner of construction of the wagon, he was asked to describe its condition and replied "A. Well, the wagon certainly is a wornout wagon." In answer to a question by the court he said "I would say that it is out of repair, it is not worth repairing." The above was all the evidence in the case as to the condition of the wreckage after the collision. The plaintiff never made any attempt to repair the wagon and the evidence clearly indicates that he never intended to do so.

Nothing is better settled than that the verdict of a jury must be founded on evidence. When the claim is for pecuniary damage to property of the character involved in this case, the evidence must fix the actual loss

with reasonable precision through witnesses with knowledge of the facts. This burden is always upon the complaining party. Damages are never presumed; the plaintiff must establish by evidence such facts as will furnish a basis for their assessment according to some definite and legal rule: Forrest v. Buchanan, 203 Pa. 454; Beck v. Baltimore & Ohio R. R. Co., 233 Pa. 344. There is no evidence whatever of any damage sustained by the plaintiff, except that after the accident he would have had to pay $300 for, "a new wagon with new top and bottom and new wheels," and in the construction of which no part of the old wagon was used except "the axles, the fifth wheel and some of the parts underneath." This was not sufficient to warrant a finding of damages by the jury, in the absence of any evidence as to what the wagon was worth before the accident and what the wreckage was worth afterwards. In the language of Mr. Justice FELL in Bachert v. Lehigh Coal & Navigation Co., 208 Pa. 367, "What the plaintiff had a right to ask was that he be made whole, not rich." Judge HARGEST, in his opinion in this case, well said: "There was no testimony as to the value of the wagon before the injury, nor what its value would have been if it had been repaired in the way indicated in the testimony. Therefore, the jury could not determine what relation the cost of repairs bore to the market value either before or after the injury. It follows that there is no basis for the ascertainment of damages by the jury......The plaintiff could not recover the cost of a practically new wagon, when it was an old one that was injured."

The judgment is affirmed.