## Crowley *v.* Snellenburg et al., Appellants.

*Negligence—Automobiles—Damages—Evidence—Insufficiency.*

In an action of trespass to recover for damages to an automobile, a general statement as to the wrecked condition of the car will not supply the necessary evidence as to its value after the accident, on which to base a verdict.

Where the claim is for pecuniary damage to property, the evidence must fix the actual loss with reasonable precision through witnesses with knowledge of the facts. This burden is always upon the complaining party. Damages are never presumed; the plaintiff must establish by evidence such facts as will furnish a basis for their assessment, according to some definite and legal rule. Evidence as to the cost of repairs was not necessary if the car could not be restored to its former good condition, or if such

expense exceeded the difference in value of the car before and after the accident, but general statements by a witness who was only "slightly familiar with automobiles" is not sufficient to support a verdict.

Argued October 6, 1926. Appeal No. 199, October T., 1925, by defendants from judgment of Municipal Court, Philadelphia County, September T., 1924, No. 712, in the case of Frank Crowley v. Nathan Snellenburg, Joseph Snellenburg, Abraham Snellenburg, Morton E. Snellenburg, Bernard Bloch, Arthur Bloch, Harry Snellenburg, Stanley S. Snellenburg, co-partners, trading as N. Snellenburg & Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Reversed.

Trespass for personal injuries and damages to an automobile. Before WALSH, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1700 and judgment thereon. Defendants appealed.

*Errors assigned* were various rulings on evidence and the charge of the court.

*Louis Wagner,* and with him *Richard A. Smith* and *Wilbur F. Whittle,* for appellants.

*H. Gilbert Cassidy, Jr.,* for appellee.

OPINION BY KELLER, J., December 10, 1926:

We are compelled to sustain the fifth and seventh assignments of error, as there was no competent evidence in the case as to the value of the plaintiff's automobile after the accident. The court refused to permit Youtsey,—who seems to have been the only witness in court competent to testify on that point,—to

state the value of the car when he saw it within a very short time after the accident; but let the jury infer that it was of no value at all, because the plaintiff said it was so smashed that he would not want to run it again even if repaired, and a witness, Morgan, who was only "slightly familiar with automobiles" said it was in a "terrible wrecked condition." Youtsey gave no testimony as to the condition of the car when he first saw it. It was undisputed that the car was towed on its four wheels to the garage of the Studebaker Sales Company; and there was no evidence as to the condition of the working parts, except that it could not run under its own power. The plaintiff admitted that he did not examine the "inside working parts of the car." Under such conditions general statements as to the wrecked condition of the car do not supply necessary evidence as to its value after the accident. We said in Vogler v. Harrisburg Railways Co., 85 Pa. Superior Ct. 483, speaking through President Judge PORTER: "When the claim is for pecuniary damage to property of the character involved in this case, the evidence must fix the actual loss with reasonable precision through witnesses with knowledge of the facts. This burden is always upon the complaining party. Damages are never presumed; the plaintiff must establish by evidence such facts as will furnish a basis for their assessment according to some definite and legal rule." Evidence as to the cost of repairs was not necessary if the car could not be restored to its former good condition, or if such expense exceeded the difference in value of the car before and after the accident.

Though there was no *oral* evidence as to the character of the scar on the plaintiff's face, the jury had seen it and might be capable of judging from its appearance as to whether it amounted to a permanent dis-

figurement. We are not satisfied that the trial judge's slight reference to it in his charge did the defendant any harm.

We find no merit in the other assignments.

The judgment is reversed and a new venire awarded.