## Cantor v. Lempert, Appellant.

*Real estate—Brokers—Commissions—Evidence—Sufficiency.*

In an action to recover commissions alleged have been earned in the sale of real estate, the plaintiff averred in his statement of claim that the defendant had orally agreed to pay him the usual commissions if he succeeded in getting a purchaser. At the trial the plaintiff failed to prove what were the usual commissions or what his services were worth.

In such case it was error to give judgment in favor of the plaintiff. Damages are never presumed; the plaintiff must establish

by evidence such facts as will furnish a basis for their assessment according to some definite and legal rule. There being no testimony as to the value of plaintiff's services, or what was the usual compensation for such services, the court could not determine for what amount, if anything, the plaintiff was entitled to recover. The plaintiff was not a licensed real estate broker; it was, therefore, incumbent upon him to prove a contract to pay for his services and, if the contract was only to pay the usual rate of commission, then he must prove what that rate was.

Argued October 6, 1926. Appeal No. 19, October T., 1926, by defendant from judgment of Municipal Court, Philadelphia County, July T., 1924, No. 607, in the case of Samuel Cantor v. Hyman Lempert. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Assumpsit for commissions on sale of real estate. Before KNOWLES, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of plaintiff for $635.25. Defendant appealed.

*Error assigned,* among others, was the judgment of the court.

*Benjamin Sork,* of *Blumberg & Sork,* for appellant.

*Maurice S. Levy,* for appellee.

OPINION BY PORTER, P. J., December 10, 1926:

This is an action to recover commissions upon the sale of real estate, alleged to have been effected through the agency of the plaintiff. The case was tried by a judge of the court below without the intervention of a jury and resulted in a finding and judgment in favor of the plaintiff for the sum of $635.25, from which we have this appeal by the defendant.

This was an action to recover on an alleged contract

for services and it was incumbent upon the plaintiff to aver the terms of the contract and whether it was oral or written. The plaintiff complied with this requirement by averring in the fourth paragraph of his statement, "that the said defendant authorized the within plaintiff to sell the said premises for him for a price of $30,000 and orally agreed to pay the said Samuel Cantor, plaintiff herein, the usual commissions if he succeeded in securing a purchaser for the above mentioned premises." This was the only sufficient averment contained in the statement of the nature of the contract and the terms thereof. The averments of this paragraph were specifically denied in detail by the affidavit of defense. This situation placed upon the plaintiff the burden of proving the contract and, as the affidavit of defense denied that any contract was made, he was required to prove what was "the usual commissions," established by custom, for the services under the contract performed. The plaintiff, upon the trial of the case, offered in evidence paragraph 4 and certain other paragraphs of his statement of claim, contending that they were insufficiently denied. After some discussion by counsel, the learned judge of the court below said: "So long as there is no jury, I am afraid you had better prove your case, counsel." That this was a rejection of the offer of the averments of the statement, the record indicates was clearly understood. That counsel for the plaintiff so understood it is made plain by what he said, in response to the remark of the judge: "All right, your honor, I am ready to do that." If, as now contended on behalf of the appellee the ruling of the court was an admission of the averments of the statement in evidence, then that ruling was clearly erroneous, for the affidavit of defense specifically denied that any contract had been made, and the judgment would have to be reversed for that reason. It seems clear, how-

ever, that the ruling of the court below excluded as evidence the averments of the statement. After this ruling witnesses were called on behalf of plaintiff whose testimony, if believed, tended to establish that the defendant had authorized the plaintiff to get a buyer for the property and had promised that if plaintiff succeeded in effecting a sale defendant would "give him a commission"; but there was no testimony as to what the services were worth, nor what was the usual rate of commissions. The plaintiff having closed the presentation of testimony without having presented any evidence as to the value of his services or the usual rate of commissions, the defendant offered no testimony and submitted a written point that: "Under the law and under the evidence the verdict must be for the defendant." The court, notwithstanding the fact that there was no evidence as to the amount which plaintiff was entitled to recover found for the plaintiff in the sum of $600, which finding and the refusal of the point submitted by the defendant are assigned for error. Nothing is better settled than that the verdict of a jury, or the finding of a judge, must be founded on evidence. Knowledge of the subject-matter may be useful in weighing and comparing the evidence, but it would be in the highest degree irregular and dangerous to allow them to act exclusively on the standard of their own knowledge, not known or communicated to parties or counsel: Forrest v. Buchanan, 203 Pa. 454; Beck v. Baltimore & Ohio Railroad Co., 233 Pa. 344; Vogler v. Harrisburg Rwys. Co., 85 Pa. Superior Ct. 483. Damages are never presumed; the plaintiff must establish by evidence such facts as will furnish a basis for their assessment according to some definite and legal rule. There being no testimony as to the value of the plaintiff's services, or what was the usual rate of compensation for such services, the court could not determine for what

amount, if anything, the plaintiff was entitled to judgment. The plaintiff was not a licensed real estate broker; it was, therefore, incumbent on him to prove a contract to pay for his services and, if the contract was merely to pay the usual rate of commission, then he must prove what that rate was. The written request of the defendant for a finding in his favor ought to have been affirmed.

The judgment is reversed and new trial awarded.