Schoenberger *v.* James, Appellant.

Argued October 19, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

178

*Frank P. Barnhart,* for appellant.

*J. Earl Ogle, Jr.,* for appellee.

OPINION BY BALDRIGE, J., January 28, 1932:

The plaintiff, a subcontractor, sued the defendant, to recover a balance alleged to be due under a contract whereby he was to haul earth excavated by the defendant, who had a principal contract with the borough of Westmont. The contract provided that the plaintiff was to haul and remove the earth for the price of 24 cents per cubic yard, and dump it at points designated by the borough engineer. He was "to be paid when the party of the first part has received his estimate from the borough engineer."

The plaintiff claimed that he hauled, under this contract, 20,872 cubic yards of earth and received payment for only 14,000, and sued for the difference and loss of profits on approximately 2,000 cubic yards of earth hauled after the defendant broke his contract, together with several items for extra hauling, etc. The defendant filed a setoff and counterclaim, alleging that the plaintiff was indebted to him in the sum of $1,-325.22. A verdict was rendered in favor of the plaintiff in the sum of $916.85. This appeal was taken from the refusal of the court below to grant a new trial.

The assignments of error have to do chiefly with the insufficiency of the plaintiff's evidence to sustain the verdict. The plaintiff, to support his statement that he hauled 20,872 cubic yards during the months

of July and August, said that he kept account of the truck loads hauled for several days, which varied from 65 to 70 loads per day, but he was unable to state how much earth was on each truck, which were of different capacities, and the length of the haul varied. He testified: "Q. You don't know how much those trucks contained, do you? A. I based my claim on this: that I know just exactly how much that steam shovel can move. I know that the job wasn't held up at any time. Q. Oh, then your real basis, as I understand you, the real basis is how much the steam shovel can move? A. Oh, no, no. Q. Then I want to get it. What else was there? By the Court: Q. How was this dirt to be measured, in solid in the ground, or loose, to make a settlement? A. In the solid, I suppose, as it was engineered by the borough engineer." It is a matter of practical knowledge that the work a steam shovel will do depends upon conditions that change from day to day. Such an estimate is not dependable. It is conceded that neither he, nor anyone in his behalf, made any measurements on the ground. No weights were taken of the loads or a record kept of the number of loads hauled each day, nor were other plans used to obtain reliable estimates. It is clear that the plaintiff was only making a very rough approximation of the amount of material that he hauled. Plaintiff alleges that after hauling two months, and before the work was completed, the defendant told him that he would have no further use for his trucks until a later date and that he would inform him when he was to continue with the hauling, but was never called back. Thereafter, 2,000 cubic yards approximately were removed by other persons, for which he claims a loss of profits. The testimony was equally unreliable as to the amount of earth hauled after the alleged breach of contract. Plaintiff depended upon the testimony of the shovel operator, who roughly

estimated from observation that 2,000 cubic yards were removed after the plaintiff ceased hauling.

The appellant contends that the written contract binds the plaintiff to the estimates of the borough engineer. We think that the contract was not sufficiently clear to hold that the estimate of the borough engineer was conclusive. If, however, this plaintiff did not intend to be bound thereby, it was his duty to use other available means of determining, with reasonable accuracy, the amount of earth removed. He did not employ well known methods to obtain this information but relied upon estimates which amounted to but mere conjectures. That was not sufficient. It was not such trustworthy testimony as the circumstances afford. He was the complaining party and it was his duty to fix his actual loss with a fair degree of certainty by witnesses with knowledge of the facts, as damages are not presumed: Beck v. B. & O. R. R. Co., 233 Pa. 344, 349; Vogler v. Harrisburg Rwys. Co., 85 Pa. Superior Ct. 483, 487; Crowley v. Snellenburg, 89 Pa. Superior Ct. 263, 265; Cantor v. Lempert, 89 Pa. Superior Ct. 408, 411; Frances v. Monon. Rwy. Co., 92 Pa. Superior Ct. 129, 136. As was said in Greenlee v. West, 71 Pa. Superior Ct. 468, a proof of the breach of the contract will not warrant a recovery of more than nominal damages unless there is affirmative evidence of actual damage and a measure established to ascertain fairly the amount. The plaintiff failed to comply with the proper standards of proof which could be substantially relied upon in the measuring of his damages. Especially is this true in view of the testimony of the borough engineer.

The appellant maintains, and the learned court below seems to be of the opinion, that the only figures given by the borough engineer based upon actual measurements were those showing the total amount of earth excavated and removed. We find in referring to his

testimony that he expressly stated not only once, but several times, that on the 1st of September, 1926, there was excavated 15,879 cubic yards, and overcast or deposited on the sides 2,906 cubic yards; that there had been hauled in trucks 12,973 cubic yards. Those figures were obtained by actual measurements on the ground by cross-sectioning and checking back. It was on those calculations that James, the principal contractor, was paid. We think that the attempt of the plaintiff to recover more than the principal contractor was paid ought not to prevail in view of the plaintiff's unreliable calculations: Lalor v. City of New York, 102 N. E. 558.

We are all of the opinion that the court fell into error in submitting to the jury for their consideration that portion of the plaintiff's claim based on the amount of earth he hauled, as well as the amount removed after the alleged breach of contract.

Judgment is reversed with a venire.