Rice *v.* Hill et al., Appellants.

Argued April 10, 1934. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*James J. Gallagher,* of *Gallagher & Gallagher,* for appellants.

*A. D. Knittle,* for appelle.

Opinion by Mr. Justice Maxey, April 30, 1934:

Plaintiff sued defendant in trespass to recover damages for personal injuries and for injuries to property. On January 12, 1932, defendant's agent was operating a truck in a westerly direction on the public highway between Middleport and New Philadelphia. Plaintiff

was driving his sedan easterly on the same road. Plaintiff claims that he was driving on his right-hand side of the road and that on a curve at the foot of a hill defendant's truck veered over to its left-side of the road into the plaintiff's line of traffic and though plaintiff steered his car off the highway as far as possible the truck was so far to the left of the center of the road that its bumper struck the rear of plaintiff's car and knocked it off the road and down the bank. Plaintiff's car hit a tree and was wrecked. He pleaded severe injuries to himself and destruction of his car. The jury returned a verdict for the plaintiff in the sum of $6,799.70. Defendant asked for a new trial and it was refused. Defendant appealed.

The first assignment of error is that the court refused a motion to withdraw a juror because of the remark of plaintiff's counsel as follows: "they had a doctor in court and they didn't call him to dispute Dr. Boord's testimony." There was nothing in the record showing that defendant's doctor was in the courtroom. He was not identified in any way nor was it disclosed that he had examined the plaintiff. The court did not caution the jury to disregard the comment. Appellant contends that this remark prejudiced its case in the eyes of the jury and that it was in fact "penalized for a failure to do something without any duty having been shown. The only conclusion that a jury would draw is that if such a doctor were present and in the employ of the defendants and not called, he agreed with the testimony of Dr. Boord."

This court has consistently held that counsel has no right under the guise of "argument" to introduce into a case facts that are prejudicial to the opposing party. The *facts* of the case must go to the jury by way of the witness box. Counsel during the course of their arguments cannot be permitted to assume the role of unsworn and unrestricted witnesses, though they do have the right to use well known facts from history and

literature and current events to strengthen and embellish their arguments. The fact that the defendant had a physician in court whom it did not choose to call to rebut the testimony of plaintiff's physician was a fact not in evidence and not admissible in evidence, for there was nothing in the record to show that he had examined the plaintiff and possessed any professional opinion as to the extent of his injuries, and yet the fact stated by plaintiff's counsel in his argument was well calculated to lead the jury to believe that the opinion of defendant's physician as to plaintiff's injuries agreed with the testimony of plaintiff's physician. It was therefore a prejudicial fact which got to the jury but not by way of the record.

In Holden v. Penna. Railroad, 169 Pa. 1, 32 A. 103, plaintiff's counsel in his closing argument had made a prejudicial statement to the jury and this court ordered a new trial, saying: "The comments of counsel complained of were......not sustained by any evidence in the cause......It was the plain duty of the court to withdraw a juror and continue the cause. Many judges are in the habit of doing this upon proper occasion, and that practice deserves to be widely extended, so that counsel who indulge in the habit of making such comments, may be properly admonished that they cannot do so except at severe cost to their clients and themselves."

. In Wagner v. Hazle Twp., 215 Pa. 219, 64 A. 405, this court held that where an attorney in the trial of a cause wilfully and intentionally makes an offer of wholly irrelevant and incompetent evidence, or makes improper statements as to the facts in his address to the jury, clearly unsupported by any evidence, which are prejudicial and harmful to the opposite party, it is the plain duty of the trial judge, of his own motion, to act promptly and effectively by reprimanding counsel and withdrawing a juror and continuing the cause at the costs of the client. "In no other way," said the court,

"can justice be administered and the rights of the injured party be protected." In the course of its opinion this court used the following language: "When he [the attorney] attempts to defeat the justice of a cause by interjecting into the trial wholly foreign and irrelevant matter for the manifest purpose of misleading the jury, he fails to observe the duty required of him as an attorney and his conduct should receive the condemnation of the court."

In Fisher v. P. R. T. Co., 274 Pa. 90, 117 A. 777, this court reversed the judgment of the court below because the trial judge permitted the jury to draw unfavorable inferences against the defendant company for failure to call as witnesses passengers on the car, whose names were taken at the time of the accident. This court in an opinion by Mr. Justice FRAZER said: "It was error to permit the jury to draw unfavorable inferences against defendant for failure to call as witnesses passengers on the car, unless it first appeared the latter had knowledge or peculiar means of knowledge of facts germane to the issue."

In the case of Schroth et ux. v. P. R. T. Co., 280 Pa. 36, 124 A. 279, plaintiff's counsel in his address to the jury referred to one of the doctors called by plaintiff as "the kind of a doctor you send for to be cured,—not the kind of a doctor you send for when you want testimony. If you had asked them about why they did not suggest a remedy for the cure, they would have said more than likely we did not get paid for that by defendant." This court through Mr. Justice FRAZER said: "The natural tendency of the language used by plaintiff's attorney was to create a prejudice in the minds of the jury and as the trial judge made no attempt in his charge, or otherwise, to caution them against allowing such prejudice to influence their verdict, we feel it our duty to reverse this case and send it back for a new trial."

Either party in an action for damages arising from personal injuries has a right to have a physician in court to listen to the testimony of physicians or others who testify for the opposing side and to be available for assistance to counsel in conducting cross-examinations of medical witnesses. Whether a party will call its own physician to rebut the testimony of the other party's witness is a matter for the party's own determination. The opposing party cannot be permitted to prove the mere fact (without more) that the other party's physician was in court and was not called as a witness. If such evidence cannot be put on the record, it certainly cannot be put into the jury's mind by way of counsel's argument. "No one doubts, of course, that counsel on the trial of a case should not interject extraneous matter before the jury to influence a verdict or by questions or remarks endeavor to bring before the jury matters which could not be introduced in evidence. The only difficulty encountered is in determining just what conduct is so prejudicial as to require the granting of a new trial, or the reversal of a judgment. Where it can be seen that the jury may be influenced by the improper conduct, there is error, but if no harm could have resulted, or the effect thereof can be, and is, removed by directions given by the court to the jury, there is no error": 26 R. C. L., page 1021, section 20.

It is a fair inference that the jury was influenced adversely to the defendant by the remark complained of here and there was nothing said by the court to help eliminate or reduce the effect of this remark. The assignment of error based upon the court's refusal to withdraw a juror because of the remark of plaintiff's counsel is sustained.

Appellant also complains of the evidence offered in support of the claim for pecuniary loss arising from injuries to plaintiff's car. Plaintiff testified that the car was worth $800 before it was "knocked off the road" and that it was worth "not much" thereafter. While

no proper objection to this testimony was made, it furnishes no adequate basis for an award for damages. In Crowley v. Snellenburg et al., 89 Pa. Superior Ct. 263, it was held that where the claim is for pecuniary damage to property the evidence must fix the actual loss with reasonable precision through witnesses with knowledge of the facts. This burden is always upon the complaining party. Damages are never presumed; the plaintiff must establish by evidence such facts as will furnish a basis for their assessment, according to some definite and legal rule. Evidence as to the cost of repairs was not necessary if the car could not be restored to its former good condition, or if such expense exceeded the difference in value of the car before and after the accident, but general statements by a witness who was only "slightly familiar with automobiles" is not sufficient to support a verdict. See also Frances v. Monongahela Railway Co., 92 Pa. Superior Ct. 129.

Complaint is also made of the evidence relating to impairment of earning power and the inadequacy of the instructions of the court thereon. The assignment of error as to this is not based upon exceptions properly taken but, as this case will have to be retried, attention of counsel is called to the fact that this court has frequently laid down the rules as to how the impairment of earning power is to be pecuniarily measured. See Baxter v. Phila. & Reading Railway Co., 264 Pa. 467, 107 A. 881; Dempsey v. City of Scranton, 264 Pa. 495, 107 A. 877; and Murphy v. Pittsburgh Railways Co., 292 Pa. 191, 140 A. 897. Plaintiff testified that prior to his being injured he "used to clean up about fifty dollars a week." He was asked: "State whether or not you are able to attend to that business [keeping a cigar, candy and chewing gum store] now as well as you did before the accident?" A. "Well, not so well. I get played out." In a case of this kind the damages must be proved by the best evidence the case is susceptible of. While the

defendant cannot exact of the plaintiff mathematical measurement of the pecuniary loss sustained, plaintiff, on the other hand, is not entitled to have mere conjecture, either in the witness box or jury room, accepted as a substitute for proof.

Complaint is also made as to the inadequacy of the evidence of future pain and suffering. A physician called by the plaintiff was asked this question : "State whether or not in your opinion he [plaintiff] will continue permanently to suffer pain from this injury." He replied : "It is a very likely possibility." An objection to this answer would have been well made but counsel was silent. In Anderson v. Baxter, 285 Pa. 443, 132 A. 358, this court held that for an expert to characterize a certain result as "extremely possible and likely," is not a sufficiently definite expression of opinion. See also Humes v. Kramer, 286 Pa. 251, 133 A. 262; Fink v. Sheldon Axle & Spring Co., 270 Pa. 476, 113 A. 666; and Connor et al v. P. R. T. Co., 98 Pa. Superior Ct. 250.

It is not necessary to discuss the other assignments of error further than to say that as the case is to be retried, the plaintiff, if he expects to recover damages based on the cost of future medical treatment, must furnish legally adequate proof that he will require such treatment and of its cost. See Beck v. B. & O. R. R., 233 Pa. 344, 82 A. 466.

Further, the court's charge as to plaintiff's life expectancy leaves much to be desired. See Aylesworth v. Hays, 299 Pa. 248, 149 A. 495, and McCaffrey v. Schwartz, 285 Pa. 561, 132 A. 810.

The court's instruction in the matter of allowing interest for damages arising from the injuries to the automobile and no interest for damages arising from plaintiff's bodily injuries, while indicative of the trial judge's fidelity to the legal principle that no interest is allowable for delay in payment of damages for personal injuries was not expressed with sufficient clarity to

174

qualify as a plain judicial guidance to a proper interest itemization.

The judgment is reversed with a venire.