Gethins *v.* Stein, Appellant.

Argued March 7, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, and HIRT, JJ.

*Irving L. Epstein,* with him *Frank J. McDonnell,* for appellant.

*R. Bialkowski,* of *Bialkowski, Bialkowski & Bialkowski,* for appellee.

OPINION BY RHODES, J., April 18, 1941:

This is an action in trespass arising out of an automobile accident. Plaintiff, in his statement of claim, averred damages to his automobile to the extent of $275. The jury returned a verdict of $175 in plaintiff's favor. Defendant's motions for judgment n. o. v., and new trial were dismissed. From the judgment entered for plaintiff, defendant has appealed.

The question involved is whether there was sufficient evidence from which the jury could determine the damage and the value of the repairs to plaintiff's automobile. In the seventh paragraph of plaintiff's statement of claim he averred that "as a result of the collision as aforesaid his automobile was damaged in and about the grille, radiator, bumper, lights, fenders, hood, frame, knee action, wheels, axles, body, paint, seats, and tires, for the repair of which he will be obliged to expend the sum of Two hundred seventy-five dollars ($275)." No affidavit of defense was filed by defendant.

At the trial the only evidence with reference to the

damage and the repairs was given by plaintiff, who testified as follows: "Q. What kind of an automobile was it? A. Chrysler Royal '37 sedan. Q. Five passenger or seven? A. Five. ...... Q. What part of your car was damaged? A. The front end of the car, the fender, the lights, and the grille and the hood and the undercarriage and the tire. Q. How about the knee-action? A. That was also injured. Q. How about the chassis? A. The frame was bent. Q. Did you have the car repaired? A. I did. Q. Who repaired it? A. Michael Perra, in Carbondale. Q. How much was it? A. $275. Q. Did you pay it? A. Yes."

No objection was made to this testimony, nor did counsel for defendant cross-examine plaintiff or any of his witnesses relative to the question of damages to his automobile and the cost of repair thereof, nor did defendant introduce any evidence contradicting the extent of damage, the cost of repair, or the reasonableness of the amount paid. Insufficiency of proof was not urged as a reason for nonsuit or for binding instructions asked for by defendant.

The trial judge charged the jury: "If the plaintiff has convinced you by the weight and preponderance of the testimony that the accident happened due to the want of due care by the defendant, and if the plaintiff's want of care had nothing to do with the accident, your verdict is for the plaintiff, and you are entitled to go into the question of whether you believe that $275 was the fair price for fixing up the damages." Defendant remained silent when asked by the trial judge if he had misstated the evidence or neglected to charge on any point.

Plaintiff had the duty to fix his actual loss with a reasonable degree of certainty through witnesses with knowledge of the facts, as damages are not presumed. *Rice v. Hill et al.,* 315 Pa. 166, 172, 172 A. 289; *Schoen-*

*berger v. James,* 104 Pa. Superior Ct. 177, 180, 158 A. 638.

We are of the opinion that, under the circumstances, there was sufficient evidence of damage and cost of repairs to submit that issue to the jury. Plaintiff, who had personal knowledge of the circumstances, testified to certain specific items of damage to his property; he further testified that a specific sum ($275) was paid for that repair, and to whom it was paid. It also appears that the automobile was no more than two years old at the time of the accident. At the trial this testimony stood unquestioned and uncontradicted by defendant.

In *Smith, Jr., et ux. v. Blafkin,* 95 Pa. Superior Ct. 520, the only proper evidence on the issue of damages was the testimony of one of the plaintiffs that the glass of his car was badly shattered; that the defendant's truck hit the right rear wheel with considerable impact and broke the fender; that he had the car put in the condition it was before the accident, paying therefor the sum of $124.38, and likewise an additional sum of $44.95 for tires and tubes. This court, in sustaining the sufficiency of this evidence, said (95 Pa. Superior Ct. 520, at page 530): "Where, as here, the items of damage are specified with a reasonable exactness, and the price paid for repairs is shown, we think we cannot say that there was not sufficient evidence to sustain a finding in favor of a plaintiff, particularly when there is no proof whatsoever that the charges were unreasonable: *Kiely v. Ragali,* 93 Conn. 454, 106 Atl. 502; *Great Western Motors v. Hibbard,* 112 Wash. 541, 192 Pac. 958; *Southeastern Express Co. v. Chambers,* 33 Ga. Appeals 44, 125 S. E. 507; *Stone v. Travellers Ins. Co.,* 84 Ind. Appeals 243, 149 N. E. 454. As was said in *Great Western Motors v. Hibbard,* supra, 'it seems to us that the amount paid would, in any event be some evidence of the reasonable value of the services rendered,

and that if it was not sufficient evidence, that was a matter which should have been presented to the consideration of the jury.' It may be noted further that counsel for defendants made no attempt whatever to contradict the evidence relative to the condition of the car or to show that the prices paid to repair it were unreasonable. We are not to be understood as approving of the method adopted by counsel for these plaintiffs, but merely say that, under all the circumstances, we are not disposed to set aside the finding."

The cases cited by defendant (*Vogler v. Harrisburg Railways Co.*, 85 Pa. Superior Ct. 483; *Crowley v. Snellenburg et al.*, 89 Pa. Superior Ct. 263; *Frances v. Monongahela Railway Co.*, 92 Pa. Superior Ct. 129) are not controlling. The evidence in those cases was not similar to the evidence in the present case in that no one with personal knowledge testified to the items of damage with the degree of exactness of plaintiff's testimony in this case, nor was it shown in those cases that any sum was paid for repairs.

Assignments of error are overruled.

Judgment is affirmed.