## Commonwealth ex rel. *v.* Everts.

*Practice, C. P.—Nonsuit—Evidence—Act of March 11, 1875, P. L. 6.*

Where an offer of evidence is made containing plaintiff's entire case, and immediately thereafter a motion for nonsuit is made, the motion is in effect a demurrer to the evidence, and the granting of the motion is equivalent to a decision by the court that the plaintiff had offered no evidence or no sufficient evidence to sustain the issue. Such a case comes within the provisions of the Act of March 11, 1875, P. L. 6, and if the plaintiff takes an appeal, without moving to set aside the nonsuit, the appeal will be quashed as improvidently taken.

Argued Nov. 7, 1901. Appeal, No. 142, Oct. T., 1901, by plaintiff, from order of C P. Huntington Co., Sept. T., 1900, No. 41, entering nonsuit in case of Commonwealth ex rel. E. O. Heck, D. R. P. Enyeart, J. Brodbeck and F. F. Cummins v. Moses Everts Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ. Appeal quashed.

Appeal from justice of the peace in an action for a penalty. Before Longnecker, P. J.

At the trial plaintiff made the following offer:

We propose to prove by the witness that he lives in Shirley township, Huntingdon county, that he is acquainted with Moses Everts, the defendant in this case, that he saw the defendant peddling goods and merchandise in the county of Huntingdon, making sales of merchandise for cash and trading merchandise in exchange for produce, to be followed by proof that Moses Everts, the defendant, in this case had no license to peddle and sell goods, wares and merchandise from this court.

Mr. Woods: This is a penal action; we ask to know under what penal section it is brought, under what act of assembly.

Mr. Waite: The act of 1840 as amended by the act of 1889.

Mr. Woods: We object that this is an appeal from a justice

of the peace; that under our rules of court, if no statement is. filed, the action as brought before the justice of the peace is considered the statement in this court; that the narr. before the justice does not show any offense that we have been guilty of. As this is a penal statute four persons cannot join as plaintiffs: the act under which they have joined themselves says " person " not persons. The action should have begun in a court of record.

Mr. Waite : I desire to amend our offer so that it shall contain nothing except that the defendant in this case peddled goods, wares and merchandise which he did not manufacture through the lower end of this county and sold the same.

Mr. Woods : We ask for a nonsuit on the ground that the record shows that this suit was brought under the act of 1840, amended by the act of 1889, and for the reasons we gave before, we ask for a compulsory nonsuit.

The Court: In view of the motion just now made by counsel for the defendant for a compulsory nonsuit, we will rule upon that motion and it will, in the view we take of the case, dispose of the pending offer as well. The transcript in the case on trial from the justice of the peace, showing that the suit as there brought was based upon an act of assembly approved April 16, 1840, and its supplement of May 9, 1889, and the act of 1840 referring to the act of March 30, 1784, for the method of proceeding to recover the penalty therein prescribed, it follows that the proceeding should have been in accordance with the act of 1784 for the recovery of the penalty sought to be recovered in this case, and the act of 1784 in its 3d section providing that suit for the recovery of a penalty therein mentioned should be in a court of record within this state, it follows that the statutory course provided therein was not pursued. The penalty for which this suit was brought could not be recovered before a justice of the peace, and the case now on trial comes into this court from a justice of the peace. We have no jurisdiction of the subject, hence the motion for a compulsory nonsuit is sustained, and it is directed that a compulsory nonsuit be entered and an exception is noted for the plaintiffs.

*Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions. (2, 3) Entering compulsory nonsuit. (4) Re-

419, (1902).]    Assignment of Error—Opinion of the Court.

fusal to permit record to be amended by striking off names of D. R. P. Enyeart, J. Brodbeck and F. F. Cummins as parties plaintiff.

*L. H. Beers*, with him *H. H. Waite*, for appellants.—The appellants have a right to appeal from the court below entering judgment of nonsuit, without making or moving the court to take off the same, where no evidence was given: Act of March 11, 1875, P. L. 6.

*James S. Woods* and *W. H. Woods*, for appellee.—The plaintiff should have moved the court to strike off the compulsory nonsuit. Not having done so, this appeal should be quashed. No appeal lies from the entry of a compulsory nonsuit: Haverly v. Mercur, 78 Pa. 257.

OPINION BY BEAVER, J., February 14, 1902:

We are asked to review a record in connection with which are contained the following docket entries :

December 6, 1900, jury called, selected and sworn.

December 6, 1900, by direction of court, compulsory nonsuit entered.

February 14, 1900 (evidently 1901), motion of plaintiff, E. O. Heck, presented to court to amend record by changing style of plaintiffs.

May 24, 1901.   Rule to amend record heard by Hon. JOHN M. BAILEY, P. J., and discharged, and bill of exceptions sealed by E. O. Heck, plaintiff.

June 5, 1901, appeal by plaintiffs to Superior Court.

The motion for a nonsuit was made after the commonwealth had made an offer of evidence containing presumably its entire case.   This assumption is based upon the fact that plaintiff made no effort to amend or enlarge the offer after the motion for nonsuit was made.   This offer was not formally ruled out but is incidentally passed upon by the granting of the motion for a nonsuit, the court saying : " In view of the motion just now made by counsel for the defendant for a compulsory nonsuit, we will rule upon that motion and it will, in the view we take of the case, dispose of the pending offer as well."   The Act of March 11, 1875, P. L. 6, provides : " That whenever the defendant, upon

the trial of a cause in any court of common pleas of this commonwealth, shall offer on evidence, it shall be lawful for the judge presiding at the trial to order a judgment of nonsuit to be entered, if in his opinion the plaintiff shall have given no such evidence as in law is sufficient to maintain the action, with leave," etc.    The motion for a nonsuit, after the plaintiff's offer, was, in effect, a demurrer to the evidence, and the granting of the motion was equivalent to a decision by the court that the plaintiff had offered no evidence, that is, no sufficient evidence to sustain the issue.    We think, therefore, that the case comes within the provisions of the act of 1875 above quoted, which further provides that, in case of a motion to set aside the judgment of nonsuit and a refusal to do so, " the plaintiff may remove the record, by writ of error, into the supreme court for revision and review in like manner and with like effect as he might review a judgment rendered against him upon a demurrer to evidence."    No motion, so far as the record shows, has ever been made to set aside the judgment of nonsuit.    The case, therefore, as we view it, comes within the ruling in Haverly v. Mercur, 78 Pa. 257.    If it be said that the appeal is from the decree of the court, refusing the motion to amend made subsequently to the nonsuit, it is sufficient answer to say that it is an interlocutory decree and not a final judgment, and from it no appeal lies.    This appeal, therefore, has been improvidently taken and the motion to quash must be allowed.    Appeal quashed.