## Commonwealth, Appellant, v. Barr.

*Criminal law—Evidence—Witness—Prosecutor—Information.*

There is a marked distinction between competency as a prosecutor and competency as a witness on the trial of the cause in court. Where, as in many instances, there is a choice of accusation, that is, where the defendant may fairly be accused of one crime or another or of more crimes than one growing out of the transaction, it is plainly the duty of the magistrate taking the complaint to see that the accusation and the commitment thereon are broad enough to cover the whole; leaving to the grand jury or prosecuting officer to elect between the several methods of pursuing the defendant.

It is not required that the person who makes the information to set the machinery of the law in motion should be the prosecutor marked on the indictment, or be a witness sworn for the commonwealth on the trial. It is not indispensable that the informer or prosecutor should have personal knowledge of the facts necessary to convict the defendant. If he is able to swear that he is informed of them and believes the facts stated in the information to be true is all that has ever been required to justify a magistrate in issuing a warrant for the arrest of the alleged criminal.

*Criminal law—Information—Prosecutor—Husband and wife—Adultery.*

A husband is competent to make an information charging his wife's paramour with adultery.

Argued May 4, 1904. Appeal, No. 139, April T., 1904, by plaintiff, from of Q. S. Clarion Co., Feb. T., 1904, No. 6, quashing indictment in case of Commonwealth v. William Barr. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Indictment for rape and fornication.

The facts appear by the opinion of the Superior Court.

*Error assigned* was the order of the court quashing the indictment.

*J. T. Reinsel,* district attorney, with him *Don C. Corbett* and *H. E. Rugh,* for appellant.—One generally competent but only excluded from interest or policy may make the information: Commonwealth v. Geary, 9 Pa. C. C. Rep. 60.

Special incompetency to testify in a particular case does not of itself involve incompetency to make an information or appear as prosecutor in the same case : Commonwealth v. Vance, 29 Pa. C. C. Rep. 257.

*W. A. Hindman,* with him *H. M. Rimer,* for appellee.—An indictment for adultery will be quashed where the information upon which it was founded was made by the husband of the woman with whom it is alleged the defendant committed adultery : Commonwealth v. Nick, 29 Pa. C. C. Rep. 8 ; Com. v. Weyman, 1 Kulp, 436 ; Com. ex rel. Boyd v. Jailer, 1 Grant, 218 ; Com. v. I. F., 12 W. N. C. 108 ; Cornelius v. Hambay, 150 Pa. 359.

Opinion by Orlady, J., July, 28, 1904 :

The information in this case was made upon oath of A. L. Boyer and charged that the defendant did entice Margaret E. Boyer, the wife of affiant, from her home, and lived openly and notoriously with her in fornication and adultery for and during a period of nine months, between September, 1902, and July, 1903 ; and that during said time the said Margaret E. Boyer was a weak minded woman and not capable of giving her consent to sexual intercourse.

An indictment was presented to the grand jury in which the defendant was charged in the first count with felonious rape and in the second and third counts with fornication ; which bill was returned, not a true bill as to the first count and a true bill as to the second and third counts. The defendant then moved to quash the indictment for the reason that the prosecutor, being the husband of the woman with whom the defend-

ant is charged with having had criminal intercourse, is not competent to make said information and hence there is no valid information upon which to base the indictment. The court sustained the motion to quash the indictment, and the commonwealth sued out this appeal.

It is not necessary in disposing of this case to review the many statutes and decisions involving the competency of husband and wife to testify against each other. There is a marked distinction between competency as a prosecutor and competency as a witness on the trial of the cause in court. Where, as in many instances, there is a choice of accusation, that is, where the defendant may fairly be accused of one crime or another or of more crimes than one growing out of the transaction, it is plainly the duty of the magistrate taking the complaint to see that the accusation and the commitment thereon are broad enough to cover the whole; leaving to the grand jury or prosecuting officer to elect between the several methods of pursuing the defendant: Bishop, Criminal Law, sec. 33.

It is not required that the person who makes the information to set the machinery of the law in motion should be the prosecutor marked on the indictment, or be a witness sworn for the commonwealth on the trial. It is not indispensable that the informer or prosecutor should have personal knowledge of the facts necessary to convict the defendant. If he is able to swear that he is informed of them and believes the facts stated in the information to be true is all that has ever been required to justify a magistrate in issuing a warrant for the arrest of the alleged criminal. Such prosecutions are carried on in the name of the commonwealth and have for their principal object the security and happiness of the people in general and not merely the private redress of personal wrongs. Nor is it necessary to enumerate the classes of persons who are affected with a general incompetency and whose oath could not be received in any legal proceeding. Those only are disqualified from becoming prosecutors who either from religious scruples or infidelity, which renders them incapable of taking an oath, or from infamy which presumes them unworthy of credit and are generally incompetent to become witnesses: 1 Chitty, Criminal Law, 2. To these classes may be added idiots, lunatics, and children too young to understand the sanctity of an oath.

As a general rule every person who is capable of taking an oath in a court of justice is competent to become a prosecutor. The only limitation made in our state constitution is as follows : Art. 1, sec. 8. No warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant. The most that can be urged is that a husband is specially incompetent at common law as well as by our statute to testify to the adultery of his wife in a civil suit or criminal prosecution. This special incompetency is regulated by the Act of May 23, 1887, P. L. 158, sec. 2, in a criminal proceeding, clause b. " Nor shall husband and wife be competent to testify against each other, or in support of a criminal charge of adultery alleged to have been committed by or with the other, except that, in proceedings for desertion and maintenance and in any criminal proceeding against either for bodily injury or violence attempted, done, or threatened upon the other, each shall be a competent witness against the other, and except also that either shall be competent merely to prove the fact of marriage in support of a criminal charge of adultery alleged to have been committed by or with the other."

Under this act, this court held in Commonwealth v. Fitzpatrick, 18 Pa. Superior Ct. 529, in a prosecution against the wife for adultery, that the husband was competent to testify to the fact of marriage. The rule of the common law having been so far abrogated as to make a husband or wife a competent witness against the other in certain issues and as to a certain fact, he or she when called in such issue to testify as to such facts stands in the same situation as any other witness and can claim no other or greater privilege.

We are confined to the provisions of our act of 1887, which is severe enough in its restrictions, but are not disposed to contract its plain expression. The husband was specially competent to prove the fact of marriage. The crime charged in the information is a serious one to the public and while it is desirable that criminal prosecutions should be begun solely from motives of regard for the public welfare, we must take human nature as we find it. It would be a harsh construction of our law to hold that an injured husband has not legal capacity to invoke the aid of our criminal courts to punish the de-

spoiler of his home ; and expect a stranger to volunteer to dis-
charge a duty which all rules of civilization impose first of all on
the husband, as the defender of his home and of the honor of his
family.    Such a construction would  invite a return to the old
rule suggested by Judge TILGHMAN in Garwood v. Dennis, 4
Binn. 314, " Necessity, either absolute or moral, is sufficient
ground for dispensing with the usual rules of evidence."

Cornelius v. Hambay, 150 Pa. 359, does not apply to this
case.    That was an action in trespass for crim. con.    The
5th section of the Act of May 23, 1887, P. L. 158, limits the
competency of the husband in a civil proceeding by much more
narrow bounds than the second section, in a criminal proceed-
ing, the second exception in which controls the case.

The order of the court quashing the indictment is reversed,
and the record is remitted to the court below with a proce-
dendo.