## Commonwealth *v.* Spencer, Appellant.

*Criminal law—Pure food. law—Dairy and food commissioner—Constitutional law—Constitution of Pennsylvania, article III, sec. 27.*

A conviction under the pure food law of May 26, 1893, P. L. 152, as amended by the Acts of March 13, 1895, P. L. 17, and June 26, 1895, P. L. 317, will not be set aside on the ground that the information was made by a special agent of the dairy and food commissioner, and that the office of dairy and food commissioner was in violation of article III, section 27, of the constitution, which provides that "no state office shall be continued or created for the inspecting or measuring of any merchandise, manufacture or commodity." In such a case the conviction does not depend upon the character of the person who instituted the proceeding, but upon testimony adduced at the trial for the violations of sections of the acts already sustained as constitutional by the appellate courts. Such sections are clearly severable and distinguished from any reference to the creation of the office of dairy and food commissioner.

Argued April 25, 1905. Appeal, No. 243, Oct. T., 1904, by defendant, from judgment of Q. S. Phila. Co., Sept. T., 1904, No. 848, on verdict of guilty in case of Commonwealth v. Charles W. Spencer. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Indictment for violation of pure food law.
The opinion of the Superior Court states the case.

*Errors assigned* were (1) refusing to quash the indictment; (2) refusal to give binding instructions for defendant and (3) refusal to arrest the judgment.

*Eugene Raymond,* for appellant.—The Act of May 26, 1893, P. L. 152, as amended by the Act of March 13, 1895, P. L. 17, and the Act of June 26, 1895, P. L., 317, and enlarged by subsequent legislation, creating the state office of dairy and food- commissioner, and defining its powers and purposes, is unconstitutional, because it creates a state office for the inspection of merchandise, and therefore violates article III., section 27, of the constitution of Pennsylvania: People v. Campagnie Générale Transatlantique, 107 U. S. 59, (2 Sup. Ct. Repr. 87); Com. v. McKeesport Wharfboat Co., 11 Pa. Dist. Rep. 215; Com. v. Houseman, 11 Pa. Dist. Rep. 480; Warren v. Mayer, etc., of Charlestown, 68 Mass. 84.

*John C. Bell,* district attorney, with him *Owen J. Roberts* for appellant.—There is nothing on the record to show that this case was instituted or prosecuted by any person or persons acting in any other capacity than as private citizens; but even if the persons who brought the prosecution and testified held unconstitutional offices, the conviction should stand, because under the evidence they in fact were private citizens, and will be held to have acted as such: Com. v. Barr, 25 Pa. Superior Ct. 609.

Even if the office of dairy and food commissioner is an unconstitutional office, the conviction in this case should stand, because that portion of the act defining the crime and its punishment is severable and distinct from any reference to the dairy and food commissioner: Com. v. Reynolds, 8 Pa. C. C. Rep. 568; Com. v. Houseman, 11 Pa. Dist. Rep. 480; Pittsburg's Petition, 138 Pa. 401; Allegheny County Home's Case, 77 Pa. 77; Lee v. Bumm, 83 Pa. 237; Wynkoop v. Cooch, 89 Pa. 450; Dewhurst v. Allegheny City, 95 Pa. 437.

The office of the dairy and food commissioner is not an unconstitutional office: Moers v. Reading, 21 Pa. 188; Elton v. Geissert, 10 Phila. 330; Tinkham v. Tapscott, 17 N. Y. 141; State ex rel. v. McGough, 118 Ala. 159 (24 So. Repr. 395); Clark v. People, 26 Wendell, 599; Gardner v. The Collector, 73 U. S. 499; Coutant v. People, 11 Wendell, 511; Bourland v. Hildreth, 26 Cal. 161; People v. Leonard, 73 Cal. 230 (14 Pac. Repr. 853); Hills v. Chicago, 60 Ill. 86; Cronise

v. Cronise, 54 Pa. 255; Powell v. Com. 114 Pa. 265; Penna. R. R. Co., v. Riblet, 66 Pa. 164.

OPINION BY ORLADY, J., July 13, 1905:

The defendant was indicted for selling Hamburg steak containing additional substances and ingredients, the use of which is prohibited by several of our acts of assembly, known as the pure food laws. The sale was admitted, and the use of a preparation known as " X X X Preservaline," composed of ten per cent boracic acid, two per cent bicarbonate of soda, and eighty-eight per cent of sulphite of soda was clearly proven. He was convicted and sentenced to pay a fine of $50.00 and costs of prosecution. An application to make the appeal to this court operate as a supersedeas was refused, and the sentence was complied with by the payment of the fine and costs to the sheriff of the county.

The statement submitted by the appellant of the question involved and the three assignments of error, present but one proposition for our consideration. The motion to quash the bill of indictment, the request to charge the jury, and the motion in arrest of the judgment, are each founded upon the contention that, inasmuch as article III., section 27, of the Constitution of Pennsylvania, provides as follows: "No state office shall be continued or created for the inspecting or measuring of any merchandise, manufacture or commodity; but any county or municipality may appoint such officer, when authorized by law;" and the information upon which the indictment was founded being made by a special agent of the dairy and food commissioner of the department of agriculture of the state; and the proof necessary to secure the conviction being furnished by representatives of the dairy and food commissioner through the inspection of the Hamburg steak by the agents of said commissioner the defendant was convicted without due process of law; that the state office of dairy and food commissioner is in violation of the constitutional provision quoted and all proceedings instituted under the direction of his officers and all penalties imposed by the courts to be paid to and disbursed by such officer are without warrant of law. In support of his contention the counsel for appellant presents a very comprehensive and ingenious argument touching on the

constitutionality of the office of dairy and food commissioner of the state: the Act of May 26, 1893, P. L. 152; the Act of March 13, 1895, P. L. 17; and the Act of June 26, 1895, P. L. 317. However interesting this subject may be it is not relevant to the record as presented. The conviction of the defendant did not depend upon the character of the person who instituted the proceeding, but upon the testimony adduced on his trial in the quarter sessions for the violations of sections of the acts, the constitutionality of which has been sustained by this court and the Supreme Court: Commonwealth v. Curry, 4 Pa. Superior Ct. 356; Commonwealth v. Kevin, 202 Pa. 23. And in support of these decisions it is not necessary to adduce further argument.

The sentence imposed was strictly within the terms provided by the statute which creates the offense and provides the penalty for its violation. To what officers or through what avenues the fine imposed by law may be ultimately distributed is not a matter of any concern to this defendant in this issue, and the question raised by him is not a material one as affecting his liability for his violation of that part of the act which has been held to be constitutional. It would be a waste of labor either to sustain or answer the very elaborate argument presented by his counsel:

Moreover, the record does not disclose that this prosecution was instituted by the dairy and food commissioner of the state. It being a criminal proceeding and not a civil suit for penalty, the sections of the act which define the crime, and fix his punishment, are clearly severable and distinguished from any reference to the creation of the office of dairy and food commissioner. And further his designation as a special agent of a state department might well be treated as surplusage. The prosecutor was no more than a witness for the commonwealth, and his testimony was to be treated as that of any other witness: Commonwealth v. Barr, 25 Pa. Superior Ct. 609. The assignments of error do not present any material or relevant question in regard to which the defendant may be considered as a party aggrieved.

The judgment is affirmed.