*Davis et al. v. Lewis.*

---

# Dogs.

*Dog law — Fines — Remission of — Prosecution—Witness fees—Oaths— Auditors—Act of May 11, 1921.*

1. Section 36 of the Act of May 11, 1921, P. L. 522, relating to dogs, is mandatory, and any magistrate who has found a defendant guilty of its violation is obliged to impose a fine, and has no power to remit or suspend payment of the same.

2. Any person who is capable of taking an oath in a court of justice is competent to become a prosecutor of any violation of the act.

3. In proceedings under the Dog Law, witness fees are payable at the rate of $2 per day, as provided by the General Act of May 23, 1919, P. L. 258.

4. Township auditors may administer oaths to witnesses in proceedings under the Dog Law, but agents of the Bureau of Animal Industry may not.

5. Supplies, such as carbon paper, files, envelopes and postage, for proceedings under the Dog Law must be supplied by the several county treasurers, and not by the Secretary of Agriculture.

Attorney-General's Department. Opinion to Hon. Fred Rasmussen, Secretary of Agriculture.

HULL, Dep. Att'y-Gen., April 13, 1922.—The Attorney-General is in receipt of your recent communications, requesting an opinion upon the following questions which have arisen in the administration of the Act of May 11, 1921, P. L. 522, known as the "Dog Law of 1921:"

1. May a magistrate, having found a defendant guilty of a violation of the Dog Law of 1921, omit the imposition of a fine, or, having imposed a fine, may he remit the same, collect his costs and discharge the defendant?

Section 36 of the said act provides as follows: "Any person violating, or failing or refusing to comply with, any of the provisions of this act shall, upon conviction in a summary proceeding, be sentenced to pay a fine of not

less than $5 nor more than $100, or to undergo an imprisonment not exceeding thirty days, or both."

This provision is mandatory, and any magistrate, having found a defendant guilty of a violation of the act, is obliged to impose a fine of at least $5. Such fine having been imposed, the magistrate has no power to remit or suspend payment of the same: Attorney-General's Opinions, 1903-4, page 106; Opinion to Benjamin G. Eynon, Registrar of Motor-Vehicles, dated Sept. 28, 1920.

2. May a prosecution for violation of any of the provisions of the Dog Law of 1921 be brought by any person other than the Secretary of Agriculture, his officer or agent?

Section 35 of this act charges the Secretary of Agriculture with the general enforcement of the law, and authorizes him to call to his aid any other department, bureau or commission of the State government. The duty thus imposed upon governmental officers does not, however, vest in them exclusive authority to prosecute violations of the act. A similar question was decided in the case of Com. *v.* Hamilton, 74 Pa. Superior Ct. 419 (1920), wherein Judge Henderson said: "As a general rule, every person who is capable of taking an oath in a court of justice is competent to become a prosecutor. Those only are disqualified from so doing who are incapable of taking an oath or from infamy, which presumes them unworthy of credit, are generally incompetent to become witnesses: 1 Chitty, Criminal Law, 2; Com. *v.* Barr, 25 Pa. Superior Ct. 609. The mandate to the bureau to enforce the comprehensive provisions of the statute is not an exclusive authority to it to institute criminal prosecution thereon. . . . It is more consonant with the legislation of the State to hold that while the law requires the board to be active in procuring the enforcement of all its provisions, it is neither to be expected nor required to be exclusively responsible for criminal prosecutions thereon."

I, therefore, advise you that any person who is capable of taking an oath in a court of justice is competent to become a prosecutor of any violation of the Dog Law of 1921.

3. What fees shall be paid to witnesses examined by auditors or magistrates in proceedings to assess damages for injury to livestock or poultry?

No fees are specified by the provisions of the Dog Law of 1921, and I am of the opinion that the provisions of the General Act of May 23, 1919, P. L. 258, fixing witness fees of $2 per day, are applicable to such proceedings.

4. Are township auditors and agents of the Bureau of Animal Industry authorized to administer oaths to witnesses heard in such proceedings?

Sections 26 to 30 of the Dog Law of 1921 provide a method of procedure for the ascertainment and payment of damages for injury done to livestock or poultry by dogs. Upon complaint made to any township auditor, or to any justice of the peace, alderman or magistrate of the township, town, borough or city, an inquiry is to be instituted by such officer. While I cannot find any statute conferring upon township auditors the power to administer oaths generally, section 26 of the Dog Law contains the following provision: "Such auditor, justice of the peace, alderman or magistrate *shall examine, under oath or affirmation, any witness called before him.*"

The act, having authorized a township auditor to make the inquiry and to receive the sworn testimony of witnesses, confers upon him by implication the power to perform such acts as are reasonably necessary to conduct the proceeding. Among these acts is included the administering of an oath to witnesses called before him. The Supreme Court of Ohio, in State *v.* Townley, 67 Ohio St. 21, 65 N. E. 149, speaking of the power to administer oaths to witnesses called in judicial proceedings, said: "Therefore, it is not neces-

2 D. & C.

sary that there should be a statute empowering the courts to administer oaths in the trial of cases. The power is implied in the jurisdiction to try cases, and to receive the testimony of witnesses under oath."

The agent of the Bureau of Animal Industry, however, occupies a different position from that of the township auditor in the proceeding. He attends as the representative of the Secretary of Agriculture and assists in determining the amount of the damage, but he is not authorized to receive a complaint or to receive the testimony of witnesses under oath. Accordingly, there is no implied power conferred upon him. Furthermore, I find no statute conferring upon such agents the power to administer oaths generally.

I, therefore, advise you that in the proceedings under the Dog Law of 1921 to ascertain the damages to be allowed for injury done to livestock or poultry by dogs, a township auditor has power to administer oaths to witnesses called before him, but an agent of the Bureau of Animal Industry has no such power.

5. Shall the Secretary of Agriculture furnish to the county treasurer supplies of carbon paper, files, envelopes and postage for use in connection with the issuance of dog licenses?

The Dog Law of 1921 imposes upon the several county treasurers the duty of acting as agents of the Commonwealth for the issuance of dog licenses. A fee of 10 cents is allowed to them for the issuance of each license. No provision is made in the act for the furnishing of supplies by the Secretary of Agriculture other than metal tags and license blanks. It is my opinion that such supplies as carbon paper, files, envelopes and postage must be supplied by the several county treasurers. (See opinion of Hargest, Deputy Attorney-General, to Secretary of Agriculture, dated Jan. 31, 1918, printed at page 25, Bulletin of Department of Agriculture, May, 1918.)

From Guy H. Davies, Harrisburg, Pa.