Cichocki et al. *v.* Dorosz et al., Appellants.

Argued November 21, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*B. D. Oliensis,* for appellant.

*Hyman Schwartz,* for appellees.

OPINION BY STADTFELD, J., April 17, 1933:

This was an action in assumpsit brought by Jozes Cichocki and Eva Cichocki, his wife, to recover from Wojcieh Dorosz and Praksyda Dorosz, his wife, the sum of $734.81 with interest, the amount of a check dated July 26, 1927, payable to plaintiffs, drawn by the Bankers Trust Company upon itself for the proceeds of a mortgage loan granted by a Building and Loan Association, settlement being made at the office of the Trust Company. In the amended statement of claim filed by plaintiffs, the latter averred that the said check at the time of the settlement at the Bankers Trust Company was taken into possession by Wojcieh Dorosz, one of the defendants, and that said defendants obtained payment thereof by depositing the same in their own bank account; that plaintiffs did not at any time transfer the same by endorsement or otherwise. In a further amended statement filed by plaintiffs, the latter averred that Jozes Cichocki, of plaintiffs, while under the influence of intoxicating liquor administered to him by defendants, was forcibly compelled by defendants to endorse said check and that he received $75 on account thereof; that the other plaintiff, Eva Cichocki, had never endorsed or otherwise transferred said check; that defendants collected the amount of said check from Bankers Trust Company, and appropriated the same to their own use.

Defendants filed an affidavit of defense in which it was averred that Wojcieh Dorosz, of defendants, took the said check into his possession at the office of the Bankers Trust Company, and that both plaintiffs had endorsed the same to Praksyda Dorosz, of defendants; that plaintiffs were paid $200 in cash and the balance was applied in part payment of a judgment note in the sum of $1,000 which plaintiff owed to defendants. Defendants denied that Jozes Cichocki, of plaintiffs, was forcibly compelled by defendants to endorse said check as claimed. Defendants also filed a set-off and counterclaim in the sum of $365 with interest, alleged to be due on said judgment note, after allowing a credit of $534.61 from the proceeds of said check, and $200 paid in cash as aforesaid and $100 claimed to have been subsequently paid.

Plaintiffs filed reply to defendants' counterclaim in which they averred that the $1,000 judgment note had been paid off in September, 1925; that the note had been endorsed and returned to them by the defendants and has since been in plaintiffs' possession.

The case was tried before CRANE, J., in the municipal court, sitting without a jury. At the trial, testimony was presented to prove that the check had been mailed directly to Wojcieh Dorosz, of defendants, by the Bankers Trust Company, had been deposited by the latter's wife, the other defendant, in her bank account and had been collected in due course. Eva Cichocki, of plaintiffs, testified that she had never endorsed the said check, and that the judgment note set up by defendants in their counterclaim had been repaid to defendants in 1925. The other plaintiff testified that he had endorsed the check while plied with intoxicating drinks by defendants and that he received $75 at the time.

Mrs. Dorosz, of defendants, testified that plaintiffs had duly endorsed the check and transferred it to be

in part payment of the $1,000 judgment note, and that there was still a balance of some $300 due thereon. The other defendant did not testify at the trial.

The court found for plaintiffs on February 19, 1932, in the sum of $859.99 and judgment was entered on February 24, 1932. On March 5, 1932, on stipulation of counsel for both sides, the judgment entered was opened and defendants permitted to file motion and reasons for new trial, and motion for judgment n. o. v. On March 31, 1932, both motions were dismissed, and on April 8, 1932, judgment again entered in favor of plaintiffs in the sum of $859.99. From that judgment this appeal is taken by defendants who assign for error the entry of judgment as aforesaid, the refusal to find for defendants, the dismissal of motion for new trial and the refusal to enter judgment n. o. v. in favor of defendants.

The opinion of the trial judge does not indicate the basis of his decision other than stating "that the weight of the credible evidence convinced the trial judge of the propriety of sustaining plaintiffs' claim, and disregarding the defense stressed at the trial, particularly in relation to the set-off and counterclaim based on the alleged non-payment of the judgment note for $1,000. This judgment note was in the possession of, produced by the plaintiffs at trial which is presumptive evidence of its payment." With this finding in relation to the counterclaim, we can not find any fault as the same is fully sustained by the evidence. With relation to the finding in favor of plaintiffs and the entry of judgment thereon, we are confronted with a more difficult problem.

The action was a joint one against the two defendants based on the alleged unlawful appropriation of the proceeds of said check by defendants. There was no evidence that any part of the proceeds of the check was received by Wojcieh Dorosz. Eva Cichocki, of plaintiffs, denied that she had ever endorsed or other-

wise transferred the check. Defendants testified that the check had been endorsed by both plaintiffs. The court evidently not crediting the testimony of defendants, must have based its judgment on the ground that as the check had not been endorsed by both plaintiffs and the defendants had fraudulently collected the check and appropriated the proceeds, the plaintiffs were entitled to receive the same. The court, no doubt, relied on the line of cases based on the principle where one had in his hands money which in equity and good conscience belongs and ought to be paid to another, an action for money had and received will lie for the recovery thereof. This however wholly misapprehends the relation of the parties, as well as their rights and obligations arising out of the transaction. We may assume the correctness of the finding that both plaintiffs had not endorsed the check, the testimony warranting the same. Under these circumstances, the payment of the check by the Bankers Trust Company was not authorized and the money paid the defendants was the money of the Trust Company, and having been paid on a forged endorsement or endorsements, it may be recovered by the Trust Company from the defendant or one of them who received the money. The defendants, therefore, have received no money for or on account of plaintiffs and for which in good conscience they should account to plaintiffs. See Tibby Glass Co. v. F. and M. Bank, 220 Pa. 1; Greenwich Bank v. Commercial Banking Corporations, 85 Pa. Superior Ct. 159.

It is not necessary to discuss the defendants' counterclaim as the court, and we think properly, found that it was not established by credible testimony.

We believe, however, for the reasons above stated, that the court erred in entering judgment in favor of plaintiffs. The necessity for a written point for binding instructions being drawn up and handed to the judge before his charge to the jury, as a prerequisite to

a motion for judgment non obstante veredicto, does not apply to the practice in trials by a judge without a jury in the municipal court: Sookiasian v. Swift and Co. Inc., 100 Pa. Superior Ct. 69.

The assignments of error are sustained, judgment reversed and judgment now entered for defendants.