Loughery, Appellant, *v.* Barnes.

Argued March 21, 1956. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (RHODES, P. J., absent).

*Mary Alice Duffy,* with her *Kaiser & Karabel,* for appellant.

*Bernard B. Brause,* for appellee.

OPINION BY HIRT, J., July 17, 1956:

This action was brought to recover for the damage to plaintiff's automobile when struck by defendant's car in a street intersection. The jury found for the plaintiff in the sum of $341.30. It is conceded by this record, as it must be in the light of the verdict, that the defendant was negligent and that plaintiff is not chargeable with contributory negligence. Plaintiff was at some disadvantage because the case was not tried until four years after the action was brought and almost five years after the accident. There was however some evidence of the nature of the damage and the cost of the repairs. The lower court concluded that plaintiff had failed to prove his damages by *competent evidence* and for that reason alone entered judgment for defendant n.o.v. on her motion. This was error. In disposing of defendant's motion the court lacked the power to eliminate evidence, on the ground that it was inadmissible, and then enter judgment n.o.v. on the diminished record. *Cherry v. Mitosky, Admr.,* 353 Pa. 401, 45 A. 2d 23. Two questions are raised by this appeal: (1) was plaintiff's damage proven and (2) if not, should we order a new trial under the circumstances although the defendant did not ask for it?

For the past eighteen years Margaret Recupido and her husband have owned and operated an automobile repair business in Philadelphia known as Mayfair Motor and Body Service. The wife has charge of the of-

fice; she keeps the books and her work also entails the supervision of estimates on repair work and the purchase of parts. At the trial she testified from her recollection of the details of a routine repair job performed in her shop more than four years prior to the date of the trial; there was nothing unusual in the transaction to charge her memory with it. And it is not surprising that her testimony was vague and to some extent contradictory. She testified that in March 1951, as a part of her duties, she "supervised" the estimate which had been prepared for the repair of plaintiff's car. Testifying from what she referred to as a copy of an original cost estimate made up by one of the 12 mechanics in their employ she said that the market value of the labor and parts set forth on the estimate was fair and reasonable and that all of the work was necessary to put "the car in good condition." She saw the car "when it came in" but "didn't go out in the shop and look at the car." Although she didn't "examine this automobile to see what was broken or damaged" she did state that she knew what was necessary to be done to repair the damage and that $341.30 was the reasonable cost of the repairs made in this instance.

Business records may be competent evidence of their contents. *McKeehan Estate*, 358 Pa. 548, 57 A. 2d 907. But the copy of the estimate on which Margaret Recupido based her testimony was not proven to be a carbon copy of the original repair estimate entitled to be treated as an original on that ground. Plaintiff was not in position to invoke the aid of the Uniform Photographic Copies of Business and Public Records as Evidence Act of September 26, 1951, P. L. 1458, 28 PS §141, nor the Uniform Business Records as Evidence Act of May 4, 1939, P. L. 42, 28 PS §91b. The copy in itself was not competent evidence, as a business record, of the nature of the damage to plaintiff's car and the

necessary cost of repairing it. Defendant on cross examination of this witness developed the fact that the business records of the Mayfair Shop were kept for about five years and that the original of the repair estimate probably could be found. Notwithstanding this testimony defendant did not ask that the original be produced. In strictness Margaret Recupido's testimony was insufficient to raise issues of fact for the jury and the mechanic who had made the estimate or had performed the repair work was no longer in the employ of the Mayfair shop and was not available as a witness.

On a claim for pecuniary damage to an automobile the evidence must fix the actual loss with reasonable precision. *Crowley v. Snellenburg et al.*, 89 Pa. Superior Ct. 263; *Rice v. Hill*, 315 Pa. 166, 172 A. 289; *Smith, Jr. et ux. v. Blafkin*, 95 Pa. Superior Ct. 520. In addition to the above there was some evidence of the nature and amount of plaintiff's damage. When called as a witness plaintiff testified that the work set forth in the copy of the repair estimate was actually done and that he paid for it. There was no objection to this evidence. Testimony of the amount paid for specified items of repair received without objection is in itself competent evidence on the question of the reasonable value of the repairs made. *Gethins v. Stein*, 144 Pa. Superior Ct. 436, 19 A. 2d 490.

Under our general statutory powers we, on proper occasion, may order a new trial to do justice between the parties. *Shugats v. Metro. Life Insur. Co.*, 153 Pa. Superior Ct. 51, 56, 33 A. 2d 650. On reversing the present judgment we, however, are all of the view that this appeal does not present a case where we should, on our own motion, grant a new trial even if we assume that defendant would have been entitled to a new trial for the asking. It may be that defendant, conscious of her negligence which caused the injury

was convinced that plaintiff would be able on a retrial to prove his damages by sufficient competent evidence, but we need not speculate as to that. The fact remains that no motion for a new trial was made even in the alternative. Here as in *Adams v. Metropolitan L. Ins. Co.*, 322 Pa. 564, 568, 186 A. 144, the defendant definitely elected to stand on her motion for judgment n.o.v. and take her chances on that motion alone. Under the circumstances we are all of the opinion she should be bound by her election especially since liability was not denied and the grounds alleged are technical for the most part. Cf. also, *Hanick v. Leader*, 243 Pa. 372, 90 A. 146.

The judgment for defendant n.o.v. is reversed and judgment is directed to be entered for the plaintiff on the verdict.