Platt et al., Appellants, *v.* Philadelphia.

Argued September 25, 1956. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (HIRT, J., absent).

*M. E. Maurer,* with him *S. C. Nissenbaum,* and *Wexler, Mulder & Weisman,* for appellants.

*Levy Anderson,* First Deputy City Solicitor, with him *David Berger,* City Solicitor, for appellee.

OPINION BY ERVIN, J., November 13, 1956:

This was an action in assumpsit commenced by plaintiffs, landlords, to recover $1,680.00 and interest from the defendant, their tenant, for breach of covenant to repair demised premises. The plaintiffs filed a com-

plaint but the defendant filed no answer and the case came to trial before a judge without a jury in the Municipal Court for the County of Philadelphia. At the trial plaintiffs offered in evidence the allegations of their complaint and offered a written point for a finding in their behalf and rested. The defendant objected to the offer on the ground that plaintiffs' action, while brought in assumpsit, actually sounded in tort, therefore no answer was necessary under the law, and moved that the plaintiffs be nonsuited. The judge overruled the motion for a nonsuit and gave the defendant an opportunity to put in a defense. No defense was presented in behalf of the defendant. After receiving plaintiffs' request for a finding in their favor and defendant's motion for a nonsuit, the court stated that "I will reserve a point on it. If I sustain his position, there you are, and if I overrule it, then he will know where he is." Thereafter briefs were submitted by both sides to the trial judge and on May 10, 1955 the trial judge granted defendant's motion for a nonsuit. Three days later plaintiffs filed a motion which in the record is designated a "Motion for Judgment N.O.V." but which actually read as follows: "And Now, to wit, this 13th day of May, A. D. 1955, the plaintiff, by his attorneys, Nissenbaum & Maurer, Esqs., having presented a request for findings in favor of the plaintiff, moves the Court to have all the evidence taken upon the trial duly certified and filed so as to become part of the record, and for judgment in favor of the plaintiff upon the whole record." Briefs were presented to the court in banc, which court, on October 19, 1955, entered a decree refusing plaintiffs' motion for judgment in favor of the plaintiffs upon the whole record, although the court erroneously called it a motion for judgment n.o.v. On January 3, 1956 plaintiffs perfected their appeal.

The defendant filed a motion to quash the appeal. It argues that where a nonsuit has been entered an appeal will not lie unless the plaintiff first moves the court to remove the nonsuit. If the only motion before the lower court were defendant's motion for a nonsuit we would be obliged to agree with appellee and quash the appeal. In none of the cases cited by appellee was there also before the lower court a motion for judgment n.o.v. or a motion for judgment in favor of the plaintiff upon the whole record. In *Com. ex rel. Heck v. Everts,* 19 Pa. Superior Ct. 419, in addition to the motion for a nonsuit there was also a motion to amend made subsequently to the nonsuit. We said in that case that such a motion is interlocutory and not a final judgment. We therefore followed the general rule that there must be a motion to set aside the nonsuit before an appeal. In the present case the motion for judgment for plaintiffs upon the whole record is not interlocutory in character but is a final decree from which an appeal may be taken. Act of April 22, 1905, P. L. 286, as amended, 12 PS §681. No case has been cited by appellee wherein (1) plaintiff's motion for judgment upon the whole record and (2) defendant's motion for a nonsuit were present. The plaintiffs' motion for judgment upon the whole record was a proper motion for submission to the lower court, in this case the Municipal Court for the County of Philadelphia.

In *Fitzpatrick v. Bates,* 92 Pa. Superior Ct. 114, 116, we said: "In proceedings where the trial is had by the judge without a jury, the motion for binding instructions is an anomaly, for the judge is not required to instruct himself. The use of the motion is merely adopting a procedure which in such cases is equivalent to asking the court to enter judgment for the mover. Merely calling it a motion for judgment 'notwithstanding the verdict' does not bring it under the provision of

the Act of April 22, 1905, P. L. 286, for there is no jury and no verdict. However ill named for the purpose, in cases tried without a jury, it may be a convenient method of keeping the judgment in suspension in order to give the court an opportunity to review the case. . . ."

In *Phila. & Gulf Co. v. Clark,* 59 Pa. Superior Ct. 415, 422, we said: "Thus viewing the rule we reach the conclusions: first, that the benefits of the act of 1905 may be obtained by presenting a point in writing equivalent in substance to a point for binding instructions, and in case of its refusal moving for judgment in accordance with the provisions of that act. . . ."

We have also held that a written point for binding instructions is not a prerequisite to a motion for judgment n.o.v. in trials by a judge without a jury in the Municipal Court of the County of Philadelphia. *Sookiasian v. Swift & Co., Inc.,* 100 Pa. Superior Ct. 69, 75; *Cichocki v. Dorosz,* 108 Pa. Superior Ct. 498, 502, 503, 165 A. 508; 2 Anderson Pa. Civil Practice 111; 6 Standard Pa. Practice 439.

The practice under the present rules of the Municipal Court for the County of Philadelphia is described by Judge JONES in *Schoenfeld v. Meckes,* 57 D. & C. 531, 547, 548, as follows: "The instant case was tried by a judge without a jury under authority of Section 12 of the Act of July 12, 1913, P. L. 711, as amended by the Act of June 20, 1919, P. L. 515, 17 P.S. 695. In such nonjury trial the trial judge functions as a jury. His finding is in legal effect as the verdict of a jury, is equally conclusive.

"The trial judge enters no judgment. His finding having been entered of record, parties to the litigation who think themselves aggrieved thereby find their remedy outlined in the rules of the Municipal Court promulgated under authority of Section 12 of the Act of

1913, supra. These rules provide for the filing of motions for a new trial, judgment non obstante veredicto, to take off nonsuits and in arrest of judgment.[10]

"In a nonjury trial a motion in terms for a judgment non obstante veredicto may be filed, its legal import being that of a motion that the court en banc enter a judgment in favor of the proponent of the motion notwithstanding the finding of the trial judge. Such motion cannot be filed, however, unless at the conclusion of the presentation of the evidence a request is made that the trial judge find for the proponent of the request, the plaintiff or the defendant, as the case may be. Such request is precisely similar in legal significance as is a point or request for binding instructions to the jury in a jury trial. If no such request be made to the trial judge, no motion to the court en banc that it enter judgment for the party making the request notwithstanding the finding of the trial judge can be made. *Such motion requires as its basis a request for a finding before a finding is made by the trier of the facts."*

Footnote 10. "Rule 26 entitled 'TRIAL OF CASES':

'26(a). The trial of cases at law without a jury, so far as practicable, shall be conducted as cases are now tried before juries. . . .

'(b) . . .

'(c) Unless a motion for a new trial, for judgment non obstante veredicto, in arrest of judgment, or to take off a nonsuit, shall be filed within four days of the entry of such finding or order, the clerk shall *upon order* enter judgment . . .' (Italics supplied.)

'(d) . . .

'(e) . . .'"

The trial judge in the present case did not actually enter a nonsuit at the trial. The trial judge, after receiving plaintiffs' written point for finding in plain-

tiffs' favor and also after the defendant's motion for a nonsuit was made, stated that he would reserve a point on it. Sometime after the trial judge had had an opportunity to consider the matter, he granted defendant's motion for a nonsuit. While the form he used did not expressly dispose of plaintiffs' motion for a finding in their favor the effect was the same as if this had been done. Therefore the plaintiffs were in position to move for judgment on the whole record. Plaintiffs did not have to specifically file a motion to take off the nonsuit because this motion for judgment on the whole record had the same effect. Before judgment on the whole record could be entered for plaintiffs, necessarily the nonsuit would have had to be removed. Plaintiffs' motion for judgment on the whole record brought the law point on the merits before the court in banc for the first time. The court in banc disposed of this law point when it refused plaintiffs' motion for judgment on the whole record (erroneously called judgment n.o.v.). In our opinion this constituted a final decree, which was expressly made appealable by the Act of 1905.

The motion to quash this appeal is dismissed.