Finkelston *v.* Kapnek, Appellant.

Argued March 21, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Harold J. Elkman,* for appellant.

*Edwin Fischer,* for appellee.

OPINION BY ERVIN, J., June 11, 1957:

This is an action in assumpsit whereby the appellee sought to recover the fair and reasonable charges for labor and material furnished to appellant in the

repair of his air conditioning equipment. The answer of appellant admits that the work was done but avers that it was improperly performed and that as a result thereof he was obliged to employ another company to do the same work, with the exception of rewinding two motors, and that he had to pay therefor a sum in excess of that claimed by appellee. The case was tried before the lower court without a jury.

Appellee proved his case by producing the original time sheets turned in by the workmen. He also testified himself as to his own work and produced one of the mechanics, who corroborated the time sheets as to himself. This mechanic also identified the signatures of the other workmen on the time sheets and verified their presence on the job. The bill for the rewinding of the two motors was produced, as well as the check of the appellee in payment thereof. The appellee, over appellant's objection, was permitted to testify as an expert as to the fair, reasonable value of the charges made for rewinding the two motors. Appellee testified that he had been in the heating and air conditioning business for 18 years; the work consisted of installing, servicing and maintaining heating and air conditioning equipment, involving electrical wiring, hooking up motors, removing motors for repairs, reinstalling those motors after being repaired, and checking the electrical characteristics of the equipment. Appellee also testified that he was familiar with the charges that have been made for rewinding motors; that he had paid different people for rewinding motors at various times. He said he knew from competition what the proper charges were for rewinding motors. The appellant made much of the fact that the appellee could not remember the horsepower of these two motors. Appellee said he could tell what the horsepower was by looking at the invoice and further that

he actually did know what it was at the time the work was done.

What is sufficient to qualify an expert witness is a matter largely within the discretion of the trial judge. We are not at all convinced that the lower court erred in permitting appellant to testify as an expert, but even if it was error, the appellant may not take advantage of it in this case.

Notwithstanding the defense of improper performance of the work, appellant did not put on any evidence to show the same nor how much it would have cost to correct the work.

After refusing appellant's oral[1] request for binding instructions, the lower court found in favor of the appellee. From the refusal of his motion for judgment non obstante veredicto,[2] appellant took this appeal. The appellant did not file a motion for a new trial.

In disposing of a motion for judgment non obstante veredicto, the court lacks the power to eliminate evidence on the ground that it was inadmissible, and then enter a judgment non obstante veredicto on the diminished record. *Cherry v. Mitosky,* 353 Pa. 401, 404, 45 A. 2d 23; *Murphy v. Wolverine Express, Inc.,* 155 Pa. Superior Ct. 125, 130, 38 A. 2d 511.

Evidence erroneously admitted can only be excluded through the medium of a new trial.

Appellant then argues that the lower court should have granted him a new trial on its own motion. What

---

[1] A written point for binding instructions is not a prerequisite to a motion for judgment n.o.v. in trials by a judge without a jury in the Municipal Court of the County of Philadelphia. *Platt v. Phila.,* 183 Pa. Superior Ct. 480, 133 A. 2d 857.

[2] While called a motion for judgment n.o.v., this really was a motion for judgment for defendant upon the whole record and will be so considered. *Platt v. Phila.,* supra, note 1.

was said by Judge HIRT in *Loughery v. Barnes,* 181 Pa. Superior Ct. 352, 356, 357, 124 A. 2d 120, is particularly applicable to this case: "Under our general statutory powers we, on proper occasion, may order a new trial to do justice between the parties. Shugats v. Metro. Life Insur. Co., 153 Pa. Superior Ct. 51, 56, 33 A. 2d 650. On reversing the present judgment we, however, are all of the view that this appeal does not present a case where we should, on our own motion, grant a new trial even if we assume that defendant would have been entitled to a new trial for the asking. It may be that defendant, conscious of her negligence which caused the injury was convinced that plaintiff would be able on a retrial to prove his damages by sufficient competent evidence, but we need not speculate as to that. The fact remains that no motion for a new trial was made even in the alternative. Here as in Adams v. Metropolitan L. Ins. Co., 322 Pa. 564, 568, 186 A. 144, the defendant definitely elected to stand on her motion for judgment n.o.v. and take her chances on that motion alone. Under the circumstances we are all of the opinion she should be bound by her election especially since liability was not denied and the grounds alleged are technical for the most part. Cf. also, Hanick v. Leader, 243 Pa. 372, 90 A. 146."

Furthermore, judgment non obstante veredicto may not be entered where, under the evidence as presented, "there was something due the plaintiff and the verdict was for the plaintiff." *Fisher v. Brick,* 358 Pa. 260, 261, 56 A. 2d 213.

Judgment affirmed.