## Commonwealth v. Acker

*Edward G. Biester, Jr.*, Assistant District Attorney, for Commonwealth.

*Donald L. Toner*, for defendant.

SATTERTHWAITE, J., July 18, 1958.—The sole problem presently before the court is a very narow one, May a wife testify as a witness for the Commonwealth at the separate trial of her husband's alleged paramour on an indictment charging fornication with the husband when the husband has already been acquitted of adultery alleged to have arisen out of the same facts?

Such testimony was received, but the trial resulted in a mistrial for reasons not presently material. Subsequent thereto, defendant filed an application for her discharge on the ground that the evidence was insufficient to sustain the indictment, a procedure newly authorized under the Act of May 17, 1957, P. L. 149, 19 PS §870. Her position is that the testimony of prosecutrix was incompetent and that, without it, there would and could be no evidence of the commission of the offense. Inasmuch as the district attorney has agreed to the latter conclusion, while disputing the former, we will dispose of the within motion on the merits.

In so doing, however, we do not wish to be understood as agreeing that this procedure is normally available for reviewing alleged trial errors. In the usual criminal case, even an erroneous ruling on evidence will be grounds only for a new trial, not for defendant's discharge. It would normally be improper merely to exclude such inadmissible evidence and adjudge defendant not guilty on the remaining record since the Commonwealth might well have attempted other means of proof had the erroneous ruling not been made in its favor. Compare the analogous rule in civil cases on a motion for judgment n. o. v. as applied in Loughrey v. Barnes, 181 Pa. Superior Ct. 352.

We believe that defendant's position must be rejected under the circumstances here appearing. It is true that section 2(b) of the Evidence Act of May 23, 1887, P. L. 158, as amended, 19 PS §683, provides that neither husband nor wife shall "be competent or permitted to testify against each other, or in support of a criminal charge of adultery alleged to have been committed by or with the other," subject to certain exceptions not presently involved. But this statutory provision, under the facts of the instant case, has no

literal application and does not overcome the general rule that all persons are fully competent witnesses in a criminal action, except those for defendant at certain stages of the proceedings and "except also as provided in section two of this act", as set forth in section 1 of the same Act of May 23, 1887, P. L. 158, 19 PS §681.

Defendant's situation does not come within section 2(*b*) for two reasons: (1) This is not a "criminal charge of *adultery*"; she is under indictment for *fornication*. (2) Prosecutrix is not attempting to testify *against her husband*; her testimony in this case is concerned only with the guilt of *defendant* who was not only indicted separately but also tried separately from the husband. Compare Commonwealth v. Reid, 8 Phila. 385, which elaborated at length upon the common-law aspects of the incompetency of a husband or wife in criminal cases and, after an exhaustive review of the authorities, concluded that the wife of one of the defendants might testify against the other defendant at a separate trial even though both were jointly indicted.

While the Reid case was decided before the enactment of the Act of 1887, it is clear that that legislation, in view of the general enabling provision of section 1 already referred to, was intended to liberalize, not restrict, the case law already developed on the subject. Moreover, there is precedent under the Act of 1887 that the same considerations would still apply. In Commonwealth v. Pearlman, 126 Pa. Superior Ct. 461, defendant was jointly indicted with Michael Warren and Ethel Warren, his wife, on charges of making fraudulent bail bonds. The Warrens both pleaded guilty and both testified against defendant, and necessarily against the interest of each other, at his subsequent trial. The Superior Court overruled defendant's contention that they were incompetent witnesses, observ-

ing at pages 476-77, after referring to section 2(*b*) of the Act of 1887:

"The basis of this section is to prohibit testimony of either party to the marriage relation so far as to incriminate the other party to the contract. It was intended as a protection for either spouse. When the husband and wife voluntarily testified, their status had been determined by their separate pleas of guilt and the only question before the court was the guilt of appellant. *Their testimony was not against each other, as neither was on trial, but solely against appellant.*" (Italics supplied.)

So, too, in the present case, section 2(*b*) was a protection for prosecutrix's husband, not his paramour, and, in fact, he has enjoyed the benefit of that protection. At his separate trial, he was found not guilty of adultery with defendant under the same factual circumstances as form the basis for the present proceedings; such result was a foregone conclusion because of the absence of any evidence against him other than the proffered testimony of prosecutrix, his wife, who was incompetent. His status, therefore, has been adjudicated and cannot be affected by that to which his wife may testify at defendant's trial. Such circumstances are totally lacking in all the cases relied upon by defendant. Moreover, the provisions of sections 5(*c*) of the Act of May 23, 1887, P. L. 158, 28 PS §317, limit the competency of a spouse by much narrower bounds *in a civil proceeding* than do those of section 2(*b*) applicable *in criminal proceedings* such as the present case: Commonwealth v. Barr, 25 Pa. Superior Ct. 609.

### Order

And now, July 18, 1958, defendant's petition for discharge is denied and refused and the rule to show cause granted thereon is discharged.