## Commonwealth v. Sisson

*John R. Hoye*, district attorney, for Commonwealth.

*William E. Duffield*, for defendant.

FEIGUS, J., March 1, 1968—This case is before the court en banc upon defendant's motion for new trial following a verdict of guilty of operating a motor vehicle during a period of suspension of operating privileges. The motion alleged as error the trial judge's action in overruling defendant's motion to exclude the certified record of the Secretary of Revenue, which included unrelated entries of defendant's previous driving infractions and penalties imposed by the Secretary.

Defendant's record of suspension in the office of the Secretary of Revenue was admissible into evidence under the Act of April 29, 1959, P. L. 58, sec. 1224, 75 PS §1224; Pennsylvania Railroad Company v. Driscoll, 336 Pa. 311, 335; Laginsky v. McCollough, 280 Pa. 286; Stout Motor Vehicle Operator License Case, 199 Pa. Superior Ct. 182, 186; Commonwealth v. Coldsmith, 176 Pa. Superior Ct. 283, 286; Commonwealth v. Rushing, 28 D. & C. 2d 134; Commonwealth v. Monk, 49 Dauph. 120. The introduced record may be in photographic or facsimile form: Act of September 26, 1951, P. L. 1458, sec. 1, as amended, 28 PS §141.

In the trial of criminal cases proof of other offenses unrelated to the offense charged is ordinarily inadmissible: Commonwealth v. Burdell, 380 Pa. 43, 47.

We are here disturbed by the fact that the exhibit purports to be defendant's departmental record in extenso, rather than the relevant extract pertaining to the suspension entry which was the subject matter of the indictment. In our view, the modern business and public records as evidence statutes, being exceptions to the hearsay evidence rule, must not be so applied as to admit otherwise inadmissible prejudicial evidence: 5 Wigmore on Evidence (3rd Ed.) §1633; Ibid., section 1677, et seq.; Loughery v. Barnes, 181 Pa. Superior Ct. 352, 355; Commonwealth v. Rushing, supra, pages 471, 472.

At the next trial of the case, the Commonwealth should procure for admission into evidence a corrected certified extract of the record in the office of the Secretary of Revenue, limited to information regarding the instant suspension order.

## ORDER

And now, March 1, 1968, the motion ex parte defendant for a new trial is sustained, and the verdict of the jury is vacated, and a new trial is ordered.